**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

ARTHELLA R. SPROW,                          )
parent and next friend of M.D., a minor     )
215 Anacostia Avenue, NE                     )
Washington, D.C.  20019                      )
                                             )
and                                          )
                                             )
CRYSTAL MILLER,                              )
parent and next friend of C.M., a minor      )
438 Orange Street, SE                        )
Washington, D.C. 20032                       )          Civil Action No.
                                             )
                Plaintiffs,                  )
                                             )
        v.                                   )
                                             )
IDEA PUBLIC CHARTER SCHOOL                   )
1075 45th Street, NE                         )
Washington, D.C.  20019                      )
                                             )
serve:                                       )
                                             )
BENNY L. KASS, ESQ., Registered Agent        )
1050 17th Street, NW, #1100                  )
Washington, D.C. 20036                       )
                                             )
                Defendant.                   )
_____)


**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

COME NOW, Plaintiffs, by and through their attorneys, Tilman Gerald and

Roxanne D. Neloms, James E. Brown & Associates, PLLC, and in their Complaint for

Declaratory, Injunctive, and Other Relief respectfully represent unto this Honorable Court

as follows:

1

## PRELIMINARY STATEMENT

1.    This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendant pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendant has failed to carry out its legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

## JURISDICTION

2.    This Court has jurisdiction pursuant to:

    a.    The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

    b.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, and their parents or guardians, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA. The parents bring this action

on behalf of the children and in their own right, and the individual minor Plaintiffs are designated as follows:

        a.      At all times relevant hereto, Marcus Davis was a student in IDEA Public Charter School's ("IDEA PCS") Special Education Program in the District of Columbia. On or about March 14, 2003, Plaintiffs, by and through counsel, filed a hearing request, alleging that IDEA PCS failed to list the student in the appropriate disability category, failed to develop an appropriate Individualized Educational Program ("IEP"), failed to provide the student with an appropriate placement; and failed to provide the student with an appropriate transition plan that includes a vocational assessment. For relief, Plaintiffs asked IDEA PCS/the District of Columbia Public Schools ("DCPS") to convene an MDT meeting within ten business days to determine if additional evaluations are necessary, develop an appropriate IEP and identify an appropriate permanent placement, and if necessary, conduct additional evaluations within 45 calendar days of the meeting; and convene a BLMDT/IEP meeting after completion of the evaluations to determine placement. On or about April 11, 2003, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered IDEA PCS and/or DCPS to conduct a vocational assessment by May 19, 2003, and convene an MDT meeting within ten school days of the availability of the vocational assessment report to review the assessment report and revise the student's transition plan. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $26,602.72 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her

attorneys' fees and costs without reason. As a result, $26,602.72 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 1.

b.     At all times relevant hereto, Christopher Miller was a student in IDEA Public Charter School's ("IDEA PCS") Special Education Program in the District of Columbia. On or about November 26, 2004, Plaintiffs, by and through counsel, filed a hearing request, alleging that IDEA PCS failed to conduct either an occupational therapy evaluation or a neurological evaluation, pursuant to the parent's written request. For relief, Plaintiffs asked that IDEA PCS fund an independent occupational therapy and neurological evaluation, convene an IEP meeting within ten days of receipt of the independent evaluation to consider the findings, revise the student's educational program, discuss compensatory education and develop a plan, discuss placement, and issue a Notice of Placement to an appropriate school or program. On or about January 18, 2005, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered IDEA PCS 1) to convene a Student Evaluation Team ("SEP") meeting within 15 school days of the issuance of the Hearing Officer's Determination ("HOD") to determine whether a neurological or neuropsychological evaluation is most appropriate for the student and to determine if any other evaluations are warranted; 2) to conduct an occupational therapy evaluation of the student and any other evaluations determined by the SEP to be warranted within 45 calendar days of the issuance of the HOD; and 3) to convene an MDT/IEP meeting to review the evaluations and to review and revise the student's Individualized Educational Program ("IEP"). Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for

4

reimbursement of attorneys' fees and costs in the amount of $8,353.59 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $8,353.59 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 2.

     5.     IDEA Public Charter School is its own Local Education Agency ("LEA").

## FACTUAL ALLEGATIONS

     6.     Between May 20, 2003 and May 4, 2005, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendant.

     7.     That Defendant has refused and failed to pay Plaintiffs' Attorney Fee Applications without reason.

     8.     That Defendant refuses to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

     9.     That Defendant knowingly, intentionally, and in contravention of settled law substitutes its own subjective standards for those articulated by this Court and the IDEIA in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs.

     10.     That a party prevails if resolution of the dispute causes "material alteration" of the "legal relationship between the parties," and the Plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

     11.     That, in accordance with the law, Plaintiffs herein are prevailing parties.

12.    That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 *et seq*., in an administrative proceeding or in a court action against the Defendant, may recover "reasonable" attorneys' fees.

13.    That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

14.    That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

15.    That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary rather than excessive as claimed by Defendant.

16.    That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

17.    That in all instances herein, the Defendant's refusal to pay and/or denial of Plaintiffs' Attorney Fee Applications is arbitrary, capricious and without a basis in law or fact.

18.    That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiffs herein.

19.    That Defendant has summarily refused to pay Plaintiffs' fee applications for

all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.     Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Attorneys' Fees.

2.     Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Costs.

3.     Award each Plaintiff pre-judgment interest on each award.

4.     Award to Plaintiffs the attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5.     Award such other relief as may be just and proper.

Respectfully Submitted,

_____
Tilman L. Gerald. [ 928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
**Attorneys for Plaintiffs**