# EXHIBIT 2

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➤ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➤ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

_____ I REQUEST MEDIATION _____ I REQUEST MEDIATION AND A HEARING __X__ I REQUEST A HEARING

---

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: _Chris Miller_____    DOB: _12/27/91_

Address: _2112 Ridge Crest Court #203,. Washington, D.C. 20020_

IDEA Public Charter School___
Present School of Attendance:

Same_____
Home School:
(Neighborhood school where child is registered)

---

**COMPLAINT IS MADE AGAINST**:    _DCPS/IDEA PCS_____
                                   DCPS and/or D.C. Public Charter School-specify  charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: _Crystal Miller_____
Address: _2112 Ridge Crest Court #203,. Washington, D.C. 20020_____
Phone: (H) _(202) 610-6650_ W) _____ (Fax) _____

Relationship to Student: __X__ Parent ___ Self ___Legal Guardian ___ Parent Surrogate ___ Public Agency

### PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: __Roberta L. Gambale, Esq.__ Phone: (W) __202-742-2000___ (Fax) _202-742-2098___

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_

---

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you

---

Form 101                                                                 02/01/2003

represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:   December 22, 2004          December 21, 2004      December 23,2004
Mediation: _____    _____    _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

      Interpreter
      ___ Foreign Language _____
      ___ Sign Language _____
      ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

**3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:**
  (You may attach additional pages to provide more information if needed.)

  Describe the nature of the problem:

  ### FAILURE TO CONDUCT  EVALUATIONS OF THE STUDENT

  IDEA Public Charter School failed to conduct either an occupational therapy evaluation or a neurological evaluation for Chris Miller, DOB: 12/27/91 pursuant to the parent's written request and the requirements of IDEA. (See 34 C.F.R. Sections 300.530 -536).  On or about August 17, 2004 a meeting was held on behalf of Chris Miller.  At that time hand/eye coordination concerns, as well as, working memory problems with holding information in his memory were noted by the Multidisciplinary team that was convened.  Based on these concerns, parent requested that an occupational therapy evaluation and a neurological evaluation be completed.   To date, these evaluations have not been completed.  As a result of the failure to complete these evaluations, Chris has not been comprehensively evaluated so as to identify all of his special education and related service needs.   As a result of DCPS's failure to evaluate, the student's current educational needs have not been addressed and the student has been denied a free appropriate public education ("FAPE").

  At the current time, Chris is identified as s learning disabled student.  He receive s specialized instruction in the areas of math, English and reading. In addition he receives tutoring and counseling services. On or about November 9, 2004,  an observation of Chris was conducted at the school.  It was reported to Chris's educational advocate that the teacher was having difficulty with Chris completing assignments and turning in homework.  Teachers also reported that Chris had a tendency to underestimate himself.  Problems with motivation were noted at the August meeting and it was thought that the cause was related to discouragement Chris with learning.

  **Describe issues to be addressed at the mediation and/or hearing, with specificity:**

    Whether the IDEA PCS failed to evaluate the student?

    Whether the IDEA PCS /District of Columbia Public Schools failed to provide this student with a FAPE?

  **Describe relevant facts relating to the problem:**

  See facts stated above.

  **State how you would like to see the problem corrected**

      1.  IDEA PCS shall fund an independent occupational therapy and neurological evaluation for the student;

      2.  IDEA PCS shall convene an IEP meeting within ten (10) calendar days of the receipt

of independent evaluations in order to consider the findings revise the student's educational program, discuss compensatory education and develop a plan, discuss placement and issue a Notice of Placement to an appropriate program/school with the parent's participation;

3.  All meetings shall be scheduled through counsel for the parent via facsimile on 202-742-2098, and notices of meetings shall be provided to counsel with copies to the parent by no later than two business days prior to convening any meetings;

4.  The student shall be entitled to compensatory education for denials of FAPE ;

5.  A final determination shall be issued pursuant to the timelines set forth in the IDEA.

_____          ____November 26, 2004_____
Signature of Applicant/Parent                              Date

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002          FAX: (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                               Revised 02/01/2003

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO              4472
CONNECTION TEL                  94425556
SUBADDRESS
CONNECTION ID
ST. TIME              11/26 11:02
USAGE T               00'52
PGS. SENT                5
RESULT                OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Roberta Gambale
Miguel A. Hull
Christopher L. West♦◊

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!◊
Christina Busso♦◊
John Straus
Tilman L. Gerald Δ
Roxanne D. Neloms

* Admitted in Maryland Only
♦ Admitted in New York Only

! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE: November 26, 2004

TO:   Ms. Sharon Newsome, DCPS Student Hearing Coordinator

PHONE: (202) 442-5432

FAX NO: (202) 442-5556

FROM:   Roberta Gambale, Esq.

SUBJECT:   **Due Process Hearing Request for Chris Miller**

NUMBER OF PAGES INCLUDING COVER SHEET:

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊∆ | 1220 L Street, NW | Christina Busso◆◊ |
| Brenda McAllister*◊∆ | Suite 700 | John Straus |
| Roberta Gambale | Washington, D.C. 20005 | Tilman L. Gerald∆ |
| Miguel A. Hull | Telephone: (202) 742-2000 | Roxanne D. Neloms |
| Christopher L. West◆◊ | Facsimile: (202) 742-2098 | |

----------------------------------

\* Admitted in Maryland Only

◆ Admitted in New York Only

! Admitted in Bolivia Only

∆ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE:  November 26, 2004

TO:    Ms. Sharon Newsome, DCPS Student Hearing Coordinator

PHONE: (202) 442-5432

FAX NO:  (202) 442-5556

FROM:    Roberta Gambale, Esq.

SUBJECT:   **Due Process Hearing Request for Chris Miller**

NUMBER OF PAGES INCLUDING COVER SHEET:

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045
Telephone: (703)-941-4455
Facsimile: (703)-642-3101
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.VA
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

April 5, 2004

**VIA FACSIMILE ONLY: 202-742-2098**

Roberta Gambale, Esq.
Brown & Associates
1220 L Street NW
Washington, DC 20005

RE: Christopher Miller, DOB 12-27-91

Dear Ms. Gambale:

Pursuant to the March 24, 2004, Order from Hearing Officer Banks, you stated you were going to file a revised due process hearing request. I do not have a copy of a revised hearing request, and the only hearing request sent to me by the Student Hearing Office was the one filed by you in February.

Please provide me with the revised hearing request by the close of business or I will assume that a revised hearing request has not been filed.

Sincerely,

Paul S. Dalton, Esq.

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## AMENDED REQUEST FOR MEDIATION/HEARING

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING __X__ I REQUEST A HEARING

---

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: <u>Christopher Miller</u>          DOB: <u>12/27/91</u>

Address: <u>2300 Good Hope Rd., S.E. #210 Washington D.C. 20020</u>

Present School of Attendance:          Home School:
(Neighborhood school where child is registered)

IDEA PCS                              N/A

**COMPLAINT IS MADE AGAINST**: <u>DCPS/IDEA Public Charter School</u>
_                DCPS and/or D.C. Public Charter School-specify charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

<u>Crystal Miller</u>

Address: <u>2300 Good Hope Rd., S.E. #210 Washington D.C. 20020</u>
Phone: (H) <u>(202)575-1314</u> (W) <u>(202)889-3648</u>    (Fax) _____

Relationship to Student: <u>X</u> Parent ___ Self __ Legal Guardian ___ Parent Surrogate ___ Public Agency

### PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: <u>Roberta L. Gambale Esq.</u> ( James Brown & Associates, PLLC)

(Phone) <u>202-742-2000 (ext 2021)</u>    (Fax) <u>202-742-2098</u>

Address: <u>1220 L Street, Suite 700, Washington, DC 20005</u>

1.  You must indicate three (3) dates when you and your representative (if you have one) are available within
    the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the
    next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you,
    your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing).
    Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  <u>March 16, 2004</u>        <u>March   17, 2004</u>            <u>March 18, 2004</u>

Mediation:  _____   _____   _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR
REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING
OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT
HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION
WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE
30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING
WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates.  Please be aware that proposed hearing
dates which fall fewer than 21 days from the date of your request are difficult to accommodate.  Your dates
are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled
at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student
Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office
will schedule your hearing for the first available date.  Upon receipt of a Hearing Notice confirming the date
of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the
form Motion attached to your Hearing Notice.  *Please do not contact the Hearing Office by phone to request
a continuance.  Only the Hearing Officer assigned to your case is authorized to grant requests for
continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must
appear for the hearing as scheduled.  Failure to report for the hearing may result in dismissal of this case, or
in a default decision against you.  Disclosure of evidence and witnesses to the opposing party is required at
least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2.  <u>Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):</u>
           Interpreter:
      ____  Foreign Language
      ____  Sign Language _____
      ____  Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

*1.*      ***Failure to Comprehensively Evaluate the Student Pursuant to 34 C.F.R. Sections 300.531 through 300.533.***

District of Columbia Public Schools ("DCPS") failed to complete a neurological evaluation despite the fact that the student's initial psychological evaluation completed in 1997 recommended that a neurological evaluation be completed.   The DCPS evaluator making the recommendation found that "An *examination of his projectives show distortions that suggest possible neurological factors that maybe impacting his learning*." The public agency is obligated to evaluate a student in all areas of suspected disability. This student's needs have never been appropriately of fully addressed.  Chris continues to experience failures in school despite his effort to succeed.   As a result he has been denied FAPE and Compensatory Education should be awarded.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

1.      Whether or not District of Columbia Public Schools ("DCPS")/and/or Charter School failed to comprehensively evaluate the student pursuant to 34 C.F.R. Sections 300.531 through 300.533?

**Describe relevant facts relating to the problem:**
See above

**State how you would like to see the problem corrected:**

1.      DCPS/Charter School shall conduct/supplement the following re- evaluations for the student, to include but not limited to: 1) Social History; 2)  Neurological 3) Occupational Therapy and/or Physical Therapy if warranted   and provide copies of all

completed evaluations to the parent's counsel within 30 calendar days of the issuance of the HOD;

2.      In the event that DCPS/Charter School fails to conduct reevaluations for the student, DCPS/Charter School shall fund the parent's Independent Educational Evaluations;

3.      The MDT shall be convened within 10 calendar days of the completion/receipt of the evaluation reports to review reevaluations, revise the IEP, discuss placement and develop a compensatory education plan for denials of FAPE over the past 3 years;

4.      All meetings shall be scheduled through counsel for the parent;

5.      The hearing officer should order any and all other relief that is deemed to be appropriate.


_____          February 18, 2004
Signature of Applicant/Parent (Required)                        Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002              FAX:  (202) 442-5556**

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                                              Revised 02/01/2003

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Christopher Miller ) <br> Date of Birth: December 27, 1991 ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> District of Columbia Public Schools ) <br> ("DCPS" or "District") ) <br> Attending School: IDEA PCS ) <br> Respondent. ) <br> ) | **IMPARTIAL DUE PROCESS** <br><br> **HEARING OFFICER'S DECISION** <br><br> Hearing Dates: January 18, 2005 <br><br> Held at: 825 North Capitol St. NE <br> Washington, DC |

Counsel for Student:

> Roberta Gambale, Esq.
> 1220 L Street NW #760
> Washington DC 20005

Counsel for IDEA PCS

> Paul Dalton, Esq.
> 1008 Pendleton Street
> Alexandria, Va. 22314

Counsel for DCPS:

> Melisa Bennett, Esq.
> Office of General Counsel
> 825 North Capitol St. NE
> Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened January 18, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed November 26, 2004. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of CM  DOB 12/27/91  HOD February 2, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties  disclosures (CM 1-6, IDEAPCS 1-3 and DCPS 1) which were admitted into the record.[1]  Counsel for Integrated Design and Electronics Public Charter School (IDEAPCS) made a motion that the hearing request be dismissed based on res judicata as a result of a Hearing Officer's Determination (HOD) issued May 11, 2004. The motion to dismiss was denied because the current hearing request is based upon a claim of denial of a Free and Appropriate Education (FAPE) alleged to have occurred since the May 11, 2004, HOD.  (IDEAPCS 02)

## FINDINGS OF FACT:

On April 5, 2004, the parent's counsel filed a hearing request alleging that DCPS and IDEAPCS failed to conduct a neurological evaluation, failed to provide the student services, inappropriately terminated the student's special education services and failed to timely evaluate the student and make a new eligibility determination.  The Hearing Officer issued an HOD concluding that claims related to provision and termination of special education services were barred by the statute of limitations, the neurological evaluation was not mandated and that neither DCPS nor IDEAPCS unreasonably delayed in responding to the parent's request for an eligibility determination.  The Hearing Officer dismissed the parent's claim with prejudice.  The HOD also ordered that IDEAPCS convene a multi-disciplinary team (MDT) meeting to determine the student's eligibility. (IDEAPCS 2)

The MDT convened August 17, 2004.  The student was found eligible for special education and related services with a disability classification of learning disabled (LD). The student's individualized educational program (IEP), developed at the meeting, prescribed the following weekly services: 17 hours of specialized instruction, 2 hours of counseling and 2 hours of consultation.  The parent and her educational advocate attended the meeting. (CM 3)

The MDT considered the student's January 2004 psychological evaluation and the student's classroom performance in making the eligibility determination and developing the IEP. The psychological evaluation recommended, inter alia, that the student's evaluation be shared with his pediatrician to determine whether a neurological assessment was warranted to further evaluate his perceptual-motor and visual-auditory learning problems. There was no information presented during the meeting from the

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of CM   DOB 12/27/91   HOD January 31, 2005)

parent or from the student's pediatrician regarding a need for a neurological evaluation. (Ms. Deal's testimony, IDEAPCS 1)[2]

The parent has observed that the student has problems retaining information and problems with his handwriting. The parent has had no discussion about the student's retention and handwriting problems with his pediatrician. (Parent's testimony)

The IEP notes indicate that the MDT discussed concerns about the student's eye/hand coordination, working memory and problems retaining information, reading and writing. The parent, through her educational advocate, requested an occupational therapy (OT) evaluation, a neurological evaluation and compensatory education from DCPS from November 1997. The parent's request for the evaluations was based on the recommendation in the psychological evaluation and her observation of the student's retention and handwriting difficulties. (Ms. Moody's testimony, CM 4)

**ISSUE(S):**

Did IDEAPCS deny the student FAPE by failing to conduct evaluations of the student that were requested by the parent at the August 2004 MDT meeting?

**CONTENTIONS OF THE PARTIES:**

Counsel for IDEAPCS asserted the following:

1. Ms. Moody's indicated that she used the psychological evaluation to make the request for the evaluations at the MDT meeting.
2. There was nothing new presented during the hearing that was not considered in the previous HOD.
3. Everything that parent's counsel points to is directly from the findings made in the psychological evaluation.
4. Ms. Banks concluded the information in that report did not justify a neurological and therefore the claim is barred under res judicata.
5. A parent is not entitled to any and all evaluations simply upon request; there must be a legitimate basis for the requested evaluation.
6. There is nothing IDEAPCS did wrong.
7. IDEAPCS is willing to conduct an OT evaluation and consider the need for neurological and neuropsychological based on new information presented by the parent and any information the school now has.

---

[2] The recommendations in this evaluation were considered by Hearing Officer Banks in his May 11, 2004, HOD from which he concluded a neurological evaluation was not mandated. This was the basis for IDEAPCS's motion to dismiss the current hearing request based on the res judicata.

(In the Matter of CM   DOB 12/27/91   HOD February 2, 2005)

The parent's counsel asserted the following:

1. What is being overlooked is that at the August MDT meeting there was a parental request for evaluation.
2. 42 CFR 536 requires evaluation be conducted upon parental request.
3. The issues in the prior HOD were dealing with what DCPS had and had not done.
4. Nowhere in the previous HOD does the Hearing Officer say that the student does not need a neurological and the HOD made no finding regarding an OT evaluation.
5. The student is displaying memory loss and is not retaining information.
6. The student has also had stuttering problems which is also an indication of a neurological concern.

**CONCLUSIONS OF LAW:**

Pursuant to 5 DCMR 3022.16 IDEAPCS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

Did IDEAPCS deny the student FAPE by failing to conduct evaluations of the student that were requested in the August 2004 MDT meeting?  Conclusion: IDEAPCS did not sustain its burden of proof.

The IEP notes indicate that the MDT discussed and considered concerns about the student's eye/hand coordination, working memory and problems retaining information and with reading and writing.  The notes also indicate that the parent specifically requested at the meeting that an OT evaluation and a neurological evaluation be conducted.  The student's psychological evaluation indicated that the information in the evaluation should be shared with the student's pediatrician to determine whether a neurological assessment was warranted to further evaluate the student's perceptual-motor and visual-auditory learning problems.

42 CFR 536(b), cited by parent's counsel, provides that a student should be revaluated if conditions warrant a reevaluation, or if the parent or teacher request a reevaluation, but at least once every three years.

42 CFR 532 (g) provides that the student be assessed in all areas related to the suspected disability including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status and motor abilities.

42 CFR 532 (h) provides that in evaluating each student with a disability the evaluations should be sufficiently comprehensive to identify all the child's special education and related services needs whether or not commonly linked to the disability category in which the child has been classified.

4

(In the Matter of CM   DOB 12/27/91   HOD February 2, 2005)

This was not a case of reevaluation but a request from the parent for evaluations in addition to the psychological evaluation which was the basis for the student's eligibility determination and disability classification. Although a MDT is not required to conduct any and every evaluation that a parent requests, evaluations for which there is a legitimate basis and which are reasonably related to a suspected disability classification should be conducted, especially when requested. There was discussion of the issues related to the student's memory and other issues at the MDT. These issues being raised and discussed coupled with the recommendation in the psychological evaluation, was a reasonable basis for the requested evaluations as they were related to the already identified disability classification of LD.

Therefore, the Hearing Officer concludes that IDEAPCS should have conducted the requested evaluations. Although the school is willing to conduct the evaluations now the parent has had to bring a due process hearing to achieve that result. Therefore, the Hearing Officer concludes that there was a denial of FAPE to the student.

## ORDER:

1. Within fifteen (15) school days of the issuance of this Order, IDEAPCS shall convene a student evaluation team (SEP) meeting to determine whether a neurological or neuropsychological evaluation is most appropriate for the student and determine any other evaluations that are warranted, if any.

2. Within forty-five (45) calendar days of the issuance of this Order IDEAPCS shall conduct an OT evaluation of the student and any other evaluations determined by the SEP to be warranted and convene and MDT/IEP meeting to review the student's evaluations and review and revise the student's IEP as appropriate.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: February 2, 2005

Issued: _____

5

**MATTER OF Christopher Miller V. IDEAPCS/DCPS**

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| CM 1-6 | Parent's Disclosures | Yes |
| | | |
| IPCS 1-3 | School's Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

6

## MATTER OF Christopher Miller V. IDEAPCS/DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 11/26/04 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

# INDEX OF NAMES

## MATTER OF Christopher Miller V. IDEAPCS/DCPS

| | |
|---|---|
| Special Education Teacher  - IDEAPCS | Ms. Portia Deal * |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Assistant Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Chystal Miller, Mother,* |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Melisa D. Bennett, Esq. |
| Educational Consultant | Ms. Michele Moody* |
| | |
| * Testified by telephone | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊∆ | 1220 L Street, NW | Christina R. Busso |
| Brenda McAllister*◊∆ | Suite 700 | Tilman L. Gerald∆ |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | John A. Straus |
| Christopher L. West♦◊ | Facsimile: (202) 742-2098 | |

------------------------------

\* Admitted in Maryland Only
♦ Admitted in New York Only

e-mail: Admin@Jeblaw.biz

------------------------------

! Admitted in Bolivia Only
∆ Member of the DC Federal Bar

May 5, 2005

Col. Norman Johnson
Director
IDEA PCS
1027 45th Street, N. E.
Washington, D.C. 20019

                **RE:**    **Our client: Christopher Miller**
                            **<u>Hearing Officer Determination 02/05/05</u>**

Dear Colonel Johnson:

       You will find herewith enclosed the "**Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District of Columbia Public Charter Schools**" your immediate processing and remittance. Should you have any questions concerning this invoice, please feel free to contact Ms. Michele Torry at (202) 742-2000 at your earliest convenience. I close by thanking you in advance for giving this matter your prompt and immediate attention.

                    Very truly yours,

                    **JAMES E. BROWN & ASSOCIATES, PLLC**

                    Tilman L. Gerald

Enclosure: one
TLG:ColNJohnson.ltr.050505

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Christopher Miller |
| Date of Birth | 12/27/91 |
| Date of Request for Hearing | 11/26/04 |
| | Month / Day / Year |
| Parent/Guardian | Crystal Miller |
| Address | 438 Orange Street, SE |
| | Washington, DC 20032 |
| Current School | IDEA PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 05-007C |
| Date of Payment Request | 5/4/05 |
| Payment Request No. | 1 |
| Date Services Rendered | 8/16/04 - 3/25/05 |
| Current Payment Request | $8,353.59 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $8,353.59

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Chris Miller

May 04, 2005
In Reference To:    Chris Miller

Invoice #10549

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/16/2004 | MM | Conference with parent | 0.33<br>175.00/hr | 57.75 |
| | MM | Prepared for MDT meeting | 1.00<br>175.00/hr | 175.00 |
| 8/17/2004 | YA | Phone call from parent re: meeting | 0.33<br>105.00/hr | 34.65 |
| | MM | Attended MDT/IEP @ School | 4.00<br>175.00/hr | 700.00 |
| 8/19/2004 | MM | File review and developed monthly case status report | 0.58<br>175.00/hr | 101.50 |
| 9/18/2004 | MM | Conference with parent | 0.33<br>175.00/hr | 57.75 |
| 9/28/2004 | YA | Conference with parent re: post meeting and IEP | 0.42<br>105.00/hr | 44.10 |
| 10/2/2004 | MM | File review and developed monthly case status report | 0.25<br>175.00/hr | 43.75 |
| 10/15/2004 | YA | Phone call from parent re: meeting | 0.25<br>105.00/hr | 26.25 |
| 10/18/2004 | MM | Conference with parent | 0.25<br>175.00/hr | 43.75 |

Chris Miller

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/27/2004 | MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| 11/1/2004 | RG | Telephone call from school attorney re: authorization letter; discussion with parent; draft letter; call from attorney | 1.10 350.00/hr | 385.00 |
| 11/2/2004 | MM | Discussion with the child's attorney | 0.25 175.00/hr | 43.75 |
| | RG | Discussion with advocate re: revised IEP to be received and follow up on records at school | 0.25 350.00/hr | 87.50 |
| | JF | Examined and reviewed all educational information, discussed strategy and issues with child's attorney Drafted letter to Principal at IDEAL PCS regarding records examination to be conducted. Contacted parent | 1.17 350.00/hr | 409.50 |
| 11/5/2004 | MM | Drafted letter to school | 0.50 175.00/hr | 87.50 |
| | MM | Reviewed memo dated 11/1/04 | 0.33 175.00/hr | 57.75 |
| 11/11/2004 | MM | File review and developed monthly case status report | 1.00 175.00/hr | 175.00 |
| 11/19/2004 | MM | Reviewed social emotional goals | 0.33 175.00/hr | 57.75 |
| | MM | Reviewed neuropsych dated 10/25/04 | 0.75 175.00/hr | 131.25 |
| 11/26/2004 | RG | Prepared and file due process hearing request to DCPS | 2.00 350.00/hr | 700.00 |
| 11/29/2004 | YA | Reviewed Hearing Request | 0.17 105.00/hr | 17.85 |
| | YA | File review and developed monthly case status report to parent re: Hearing Request | 0.58 105.00/hr | 60.90 |
| 11/30/2004 | YA | Phone call from parent re: to notify of new address | 0.25 105.00/hr | 26.25 |
| | YA | Draft letter to attorney re: change of address | 0.33 105.00/hr | 34.65 |
| 12/3/2004 | MM | Reviewed hearing request dated 11/26/04 and documented issues atty filed on. | 0.50 175.00/hr | 87.50 |

Chris Miller                                                                                    Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/3/2004 MM | Reviewed memo from atty updating me on latest information and changes regarding the address parent phone number etc and documenting in my computer discs. | 0.33 175.00/hr | 57.75 |
| 12/6/2004 MM | File review and developed  monthly case status report | 0.58 175.00/hr | 101.50 |
| 12/7/2004 YA | File review and developed  monthly case status report to parent re: Hearing Date Notice for 12/21/04 @3pm | 0.58 105.00/hr | 60.90 |
| 12/13/2004 YA | Assisted attorney to prepare disclosure to DCPS | 1.00 105.00/hr | 105.00 |
| RG | Prepare disclosure to DCPS | 1.00 350.00/hr | 350.00 |
| 12/17/2004 MM | File review and developed  monthly case status report re: comp ed notified atty | 0.25 175.00/hr | 43.75 |
| 12/23/2004 MM | File review and developed  monthly case status report re: communication with school and parent and attempts to contact mom she called me but letf no call back number and  the ones I have are no good. | 0.58 175.00/hr | 101.50 |
| 12/27/2004 YA | File review and developed  monthly case status report to parent re: hearing date notice for 1/18/05 @3pm | 0.58 105.00/hr | 60.90 |
| 1/10/2005 YA | Assisted attorney to prepare disclosure to DCPS and  Paul Dalton (IDEA PCS) | 1.50 105.00/hr | 157.50 |
| RG | Prepare disclosure to DCPS | 1.50 350.00/hr | 525.00 |
| 1/12/2005 YA | Assisted attorney in preparation of motion to dismiss | 0.42 105.00/hr | 44.10 |
| RG | Prepared response to motion to dismiss to address res judicata issue | 1.00 350.00/hr | 350.00 |
| 1/13/2005 RG | Conference with parent re: hearing and ot/ memory concerns | 0.33 350.00/hr | 115.50 |
| 1/17/2005 MM | Prepared for Due Process Hearing | 1.50 175.00/hr | 262.50 |
| 1/18/2005 YA | Discussion with the child's attorney | 0.25 105.00/hr | 26.25 |
| MM | Appearance to 825 North Capital for due process hearing | 0.33 175.00/hr | 57.75 |

Chris Miller                                                                  Page    4

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/18/2005 | RG | Prepared for hearing- drafted opening and closing statements and notes for witness exams;  Appearance to 825 North Capital for due process hearing; pre and post hearing calls to parent | 3.00 350.00/hr | 1,050.00 |
| 1/27/2005 | RG | Reviewed HOD and drafted letter to DCPS re: Order | 0.75 350.00/hr | 262.50 |
| 1/28/2005 | YA | Assisted attorney with correspondence to Student Hearing Office, David Smith Esq. Coles B Ruff, Hearing Officer re: request to reconsider determination | 0.42 105.00/hr | 44.10 |
|  | YA | Assisted attorney with correspondence to Paul Dalton re: request to reconsider determination | 0.25 105.00/hr | 26.25 |
| 1/31/2005 | RG | Reviewed order from Smith rescinding prior order | 0.33 350.00/hr | 115.50 |
| 3/23/2005 | RG | Discussion with SHO re: HOD and review HOD | 0.50 350.00/hr | 175.00 |
|  | YA | Draft letter to parent re: Hearing Officer's Detemination enclosed | 0.75 105.00/hr | 78.75 |
| 3/25/2005 | MM | Reviewed HOD dated 2/2/05 and documented timelines and HOD requirements etc in a status report for atty . | 0.33 175.00/hr | 57.75 |
|  |  | For professional services rendered | 35.64 | $7,934.15 |

Additional Charges :

| 11/26/2004 | Facsimile(SHO-HR) | 5.00 |
|---|---|---|
| 11/29/2004 | Copied documents to parent/adv (ltr/HR) | 6.00 |
| 12/1/2004 | Postage; letter to parent (HR) | 0.60 |
| 12/2/2004 | Facsimile Received from DCPS; hearing notice | 1.00 |
| 12/7/2004 | Copied documents(Parent-Adv-ADM-hearing date notice) | 0.75 |
|  | Copied documents(Parent-HDN letter) | 0.25 |
| 12/8/2004 | Postage; letter to parent (HDN) | 0.37 |
| 12/13/2004 | Copied Disclosure for the Attorney. | 40.00 |
|  | Copied Disclosure for the Student Hearing Officer. | 40.00 |
|  | Copied Disclosure for the Office of General Counsel. | 40.00 |

Chris Miller                                                                                          Page    5

                                                                                                     __Amount__

| | |
|---|---|
| 12/14/2004 Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 12/15/2004 Postage; letter to parent | 0.37 |
| 12/20/2004 Facsimile Received from DCPS; hearing continued notice | 1.00 |
| 12/27/2004 Copied documents; HDN | 1.00 |
| 12/28/2004 Postage; letter to parent (HDN) | 0.37 |
| 1/10/2005 Facsimile 5 day disclosure to Paul Dalton. | 41.00 |
| Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| Copied 5 day disclosure for OGC. | 6.75 |
| Copied 5 day disclosure for the Attorney. | 12.00 |
| Copied 5 day disclosure for the SHO. | 12.00 |
| 1/12/2005 Facsimile motion to dismiss to OGC/Dalton/DCPS | 27.00 |
| 1/18/2005 Sedan taxi service to and from DCPS for hearing | 14.00 |
| 1/28/2005 Facsimile(SHO-req.reconsider determination) | 2.00 |
| Facsimile(David Smith-req.reconsider Determination) | 2.00 |
| Facsimile(Coles B.Ruff-req.reconsider Determination) | 2.00 |
| Facsimile(Paul Dalton-req.reconsider Determination) | 2.00 |
| 3/23/2005 Postage; Letter to the parent with HOD. | 0.60 |
| Copied documents; HOD | 8.00 |
| Copied documents; letter to parent | 0.50 |
| Fax received (HOD) | 8.00 |
| Copies | 8.00 |
| 3/25/2005 File review preparation of bill and invoice audit | 96.88 |
| Total costs | $419.44 |
| Total amount of this bill | $8,353.59 |