UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARTHELLA R. SPROW**, *et alia* | : | |
| Plaintiffs | : | |
| v. | : | CA NO. 1:06CV01459 (HHK) |
| **INTEGRATED DESIGN AND ELECTRONICS ACADEMY PUBLIC CHARTER SCHOOL** | : | |
| **Defendants** | : | |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

COMES NOW Defendant, Integrated Design and Electronics Academy Public Charter School, (IDEA PCS) by and through counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56, and the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. §1400, *et. seq*. hereby moves this Honorable Court to dismiss the complaint for failure to state a claim upon which relief can be granted, for failing to timely file the instant suit, for lack of standing, and for filing a suit prematurely. We are also seeking attorney's fees for this action.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities. A proposed order is also submitted herewith.

Respectfully submitted,

_____/s/_____
William E. Houston
Counsel for IDEA PCS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARTHELLA R. SPROW,** *et alia* | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | CA NO. 1:06CV01459 (HHK) |
| | : | |
| **INTEGRATED DESIGN AND ELECTRONICS** | : | |
| **ACADEMY PUBLIC CHARTER SCHOOL** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT INTEGRATED DESIGN AND ELECTRONICS ACADEMY PUBLIC CHARTER SCHOOL'S MOTION TO DISMISS**

**INTRODUCTION**

This case is brought by parents of children, MD and CM, who either attend or had attended the Integrated Design and Electronics Academy Public Charter School (IDEA PCS) pursuant to Individuals with Disabilities Improvement Education Act (IDEIA), 20 U.S.C. §1400, *et. seq*. IDEA PCS is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA).

At all times relevant, plaintiffs were residents of the District of Columbia. Both children receive or received special education services at IDEA PCS. The Plaintiffs are seeking attorneys' fees based on the outcome of administrative due process hearings. Defendant, IDEA PCS requests the petition be dismissed with prejudice.

**I.      MD**

MD, whose date of birth is 22 September 1986, is diagnosed with a specific learning disability. On 14 March 2003, Ms. Arthella Sprow (a.k.a. Arthelia Sprow), legal guardian of

MD, filed a due process complaint, alleging, *inter alia,* whether MD's current IEP is appropriate, whether MD's placement at IDEA PCS is appropriate, and whether MD is entitled to compensatory education. *See* Ex. #1 Due Process Hearing Request at 3, (14 March 2003). MD sought as relief for the above violations findings that the placement at IDEA PCS was inappropriate and MD's current individualized educational program (IEP) was inappropriate. MD also sought as a result of those two findings a multi-discipline team (MDT) meeting within ten days to determine if additional evaluations are necessary and if none are, then to develop an appropriate IEP and to identify an appropriate permanent placement.

On 11 April 2003, the District of Columbia Public Schools (DCPS), in their capacity as the state educational agency (SEA) convened the due process hearing. The hearing officer divided the issues into three parts, 1) whether IDEA PCS failed to list the student in the appropriate disability category, 2) whether IDEA PCS failed to develop an appropriate IEP with goals and objectives, and 3) whether IDEA PCS failed to provide the student with an appropriate transition plan that includes a vocational assessment. *See* Ex. #2 Hearing Officer's Decision at 3 (25 April 2004).

In her decisions and conclusions of law, the hearing officer found, as to the first issue, that IDEA PCS "has shown, by a preponderance of the evidence, that the student's disability category is appropriate." See, Hearing Officer's Decision at 6.

As to the second issue, the hearing found that IDEA PCS "has shown by a preponderance of the evidence that the IEP goals and objectives are appropriate to the student's SLD (specific learning disabilities) classification and the treatment recommendations contained in the January 13, 2003, psychiatric report." *See*, Hearing Officer's Decision at 7.

**Memorandum of Points and Authorities for MTD (continued)**                                       2

As to the third issue, the hearing officer found:

The March 10, 2003, IEP contains a Transition Services statement. The student has been taking classing in electrical wiring and is attempting to get summer employment working with the Electrical Union. Although counsel for parent suggested that the student had to have a Vocational Assessment, the rules do not make this a requirement. This is especially true, where, as here, the student has been taking classes in a particular vocation, and has had superior performance in those classes. However, the January 31, 2003 MDT does make mention of a plan to conduct a vocational assessment.
The transition plan contained in the March 10, 2003 IEP is appropriate despite the fact that it does not contain the results of a vocational assessment. Therefore, the LEA has shown by a preponderance of the evidence that the transition statement is appropriate for the particular needs of the student. *See*, Hearing Officer's Decision at 7 & 8.

The hearing officer then ordered the LEA and/or DCPS to conduct a vocational assessment on or before 19 May 2003, and then hold a MDT meeting withing ten (10) school days of the availability of the vocational assessment and discuss the assessment and revise the IEP if necessary. *See*, Hearing Officer's Decision at 8.

## II.     CM

CM, whose date of birth is 27 December 1991, is a child with specific learning disabilities. On 26 November 2004, Crystal Miller (a.k.a. Crystal Belton) the mother of CM, filed a due process hearing request, alleging, *inter alia*, that IDEA PCS failed to evaluate CM and that IDEA PCS and DCPS failed to provide a free appropriate public education (FAPE). CM requested as relief that IDEA PCS fund an independent occupational therapy assessment and a neurological evaluation, after which CM requested an MDT meeting to discuss the evaluations and revise the IEP if necessary.

IDEA PCS objected to the hearing request and requested the request be dismissed under the doctrine of *res judicata*. CM had raised exact same issues in the 18 February 2004 hearing request which CM amended on 5 April 2004. DCPS convened a due process hearing on 16

**Memorandum of Points and Authorities for MTD (continued)**                                                     3

March 2004, which was continued twice, to 12 April 2004 and 26 April 2004. On 11 May 2004, the hearing officer dismissed the case with prejudice.

Unfortunately, on 2 February 2005, a different hearing officer, disregarding the previous hearing officer's decision, ordered IDEA PCS to convene a meeting to determine the necessity of evaluations and conduct an OT evaluation.

On 4 March 2005, IDEA PCS appealed the decision. That action is captioned *IDEA PCS v. Belton*, Court, Civil Action Number 05-467 (RMC)

## ARGUMENT

**I.    Applicable Legal Standard**

The court should only grant a motion to dismiss when it appears beyond doubt that under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson,* 355 U.S. 41, 45 (1957). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. Although plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law or sweeping and unwarranted averments of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.*

Further, the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.,* 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations" *Id.* Applying these standards here, grant of

this motion is plainly warranted.

**II.     Athella Sprow Does Not Have Standing to Bring This Suit**

The named plaintiff is Arthella R. Sprow, the guardian of MD. However, MD is twenty years old, (DOB 22 September 1986). Under IDEIA, 34 C.F.R. §300.520 states that when a child reaches the age of majority, "all rights accorded to parents under Part B of the Act transfer to the child." Therefore, the guardian, Ms. Sprow has no standing to file this instant case.

**III.    To Receive Attorney's Fees, The Party Must be the Prevailing Party**

In the due process hearing for MD, the three issues outlined by the hearing officer were:

1.  Whether IDEA PCS failed to list the student in the appropriate disability category;
2.  Whether IDEA PCS failed to develop an appropriate IEP with goals and objectives; and
3.  Whether IDEA PCS failed to provide the student with an appropriate transition plan that includes a vocational assessment?

*See*, Hearing Officer's Decision at 3 (25 April 2004).

The hearing officer on all three issues found in favor of IDEA PCS. On issue 1, IDEA PCS "has shown, by a preponderance of the evidence, that the student's disability category is appropriate." (Hearing Officer's Decision at 6). On issue 2, IDEA PCS "has shown by a preponderance of the evidence that the IEP goals and objectives are appropriate to the student's SLD (specific learning disabilities) classification and the treatment recommendations contained in the January 13, 2003, psychiatric report." (*See*, Hearing Officer's Decision at 7).

On issue 3, the hearing officer found:

> The March 10, 2003, IEP contains a Transition Services statement. The student has been taking classing in electrical wiring and is attempting to get summer employment working with the Electrical Union. Although counsel for parent suggested that the student had to have a Vocational Assessment, the rules do not make this a requirement. This is especially true, where, as here, the student has been taking classes in a particular vocation, and has had superior performance in those classes. However, the January 31, 2003 MDT does make mention of a plan to conduct a vocational assessment.

The transition plan contained in the March 10, 2003 IEP is appropriate despite the fact that it does not contain the results of a vocational assessment. Therefore, the LEA has shown by a preponderance of the evidence that the transition statement is appropriate for the particular needs of the student. *See*, Hearing Officer's Decision at 7 & 8.

Although the hearing officer did order the vocational assessment, she did so because IDEA PCS had already agreed to do the assessment. In fact, since IDEA PCS agreed to perform the vocational assessment at the 31 January 2003 meeting, they had, under the District of Columbia statute, 120 days to perform new assessments. IDEA PCS had until 31 May 2003, to perform the assessments, therefore IDEA PCS had not violated MD's rights at the time of the hearing.

Federal Regulation, 34 C.F.R. §300.517 allows the courts to "award reasonable attorneys' fees as part of the costs to the prevailing party who is the parent of a child with a disability." "A party prevails when it obtains a direct benefit that materially alters the legal relationship between the parties." *Smith v. Roher*, 954 F.Supp. 359, 363 (D.D.C. 1997).

The IDEA does not define prevailing party. However, in numerous fee-shifting statutes such as the IDEA, Congress has designated the prevailing party which is a legal term of art, to be entitled to an award of attorneys' fees. *See Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 602-603 (2001). The District of Columbia Circuit Court has squarely held that *Buckhannon* applies to the IDEA fee-shifting provision. *See Alegria v. District of Columbia,* 391 F. 3d 262, 263 (D.C. Cir. 2004). The Supreme Court has held that the plaintiff is a prevailing party for purposes of attorneys' fees only in two circumstances: enforceable judgments on the merits and court-ordered consent decrees (in some cases). *Buckhannon,* at 603-604. Both circumstances create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. *See id.,* at 604,

**Memorandum of Points and Authorities for MTD (continued)** 6

*quoting Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 792-793 (1989).

In *Buckhannon,* as here, the issue presented to the Court was whether a party could be considered to be a ,prevailing party if in the underlying case the hearing officer found in all issues presented that IDEA PCS prevailed with a preponderance of evidence. The only relief the hearing officer ordered was the vocational assessment that IDEA PCS had agreed to do and was in the process of completing at the time of hearing. Therefore, MD did not obtain the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees.

### IV.   Statute of Limitations

Even if *in arguendo*, MD was the prevailing party, under IDEIA, parties have two years to file a claim, and therefore, MD is barred from filing this instant case since the actions alleged in the complaint occurred three years ago. Pursuant to the IDEA, a party can request a due process hearing "within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). Although the instant case is not a due process hearing, the same statute of limitations should apply.

In *Kaseman v. DC*, 41 IDELR 236 (DC July 7, 2004), this Court found that absent a specific statute of limitation in IDEA, the three year statute of limitations provided by D.C. Code §12-310(8), a catch all statute, applies in the District of Columbia for IDEA attorney fee actions. *Id* at 1002. The Court in applying the three year statute stated, "this Court will also apply the three-year statue of limitations. Because district courts have the exclusive jurisdiction to award attorney's fees under section 1415(i)(3)(B) of IDEA, an action for attorney's fees is not akin to an appeal from an administrative decision, and thus, import the statue of limitations for appeals

**Memorandum of Points and Authorities for MTD (continued)**                                                                 7

would be inappropriate." *Id.*

In the amendments to IDEA, IDEIA includes a two year statute of limitations. 20 U.S.C. § 1415(f)(3)(C). Based on this new standard, MD is barred from seeking attorney's fees beyond the two years since the 11 April 2004 Hearing Officer's Decision.

### V.    Matter Not Ripe for Adjudication

In the matter of CM, the very essence of the underlying cause of action is before this Court on an appeal of the very decision giving rise to this litigation and therefore the issue is of attorney's fees is premature. *IDEA PCS v. Belton*, Court, Civil Action Number 05-467 (RMC)

IDEA PCS filed an appeal of the decision because the hearing officer erred in hearing the case in the first place because of *res judicata*. To reward the parents for continuing to file a hearing request on the same matter over and over until they win is against judicial policy. The case as to CM should be dismissed because it is best reserved until the other matter is resolved.

### VI.    Attorney's Fees for Prevailing Parties Who is an LEA Against the Attorney of Parent

IDEIA allows for LEA's to collect attorney's fees from attorneys of parents if the LEA is a prevailing party. 34 C.F.R §300.517 states, "In any action or proceeding brought under section 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the cost to to a prevailing party who is an SEA or LEA against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable or without foundation."

This instant suit is frivolous, unreasonable, and without foundation for the reasons stated above, to wit, the guardian of MD does not have standing to bring this suit, MD was not the prevailing party, MD's statute of limitation has expired, and CM's case is up on appeal. For the stated reasons, IDEA PCS is entitled to reasonable attorney's fees and cost.

## CONCLUSION

For all the foregoing reasons, IDEA PCS respectfully requests this Court to grant their Motion to Dismiss.  Additionally, IDEA PCS respectfully request this Court award Defendants reasonable attorney's fees and cost associated with mounting the defense.

                                                     Respectfully submitted,

                                                 _____/s/_____
                                                 William E. Houston, Esq.
                                               D.C. Bar No. 450223
                                             Dalton, Dalton, & Houston, P.C.
                                             1008 Pendleton Street
                                             Alexandria, Virginia 22314-1837
                                             (703) 739-4300 (O)
                                             (703) 739-2323 (F)
                                             **Attorney for Defendant**