# STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## DUE PROCESS HEARING REQUEST

- This form may be used to give notice to the District of Columbia Public School and / or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to their child.

- Notice must be sent to Student Hearing Office of the District of Columbia, 825 North Capital Street, NE, 8th Floor, Washington, and DC 20002. Fax number (202) 442-5556.

Federal law requires that when a parent or representative request mediation, it shall be offered to the parties at no cost. Mediation may be beneficial in your case. Please indicate your decision:

____ I REQUEST MEDIATION   ____ I REQUEST MEDIATION AND A HEARING   __X__ REQUEST A HEARING

## STUDENT FOR WHOM MEDIATION / DUE PROCESS HEARING IS REQUESTED

| Student Name: Marcus Davis | Present School of Attendance: Integrated Design and Electronics Academy |
|---|---|
| Date of Birth: September 22, 1986 | Home School: (Neighborhood school where child is registered) Integrated Design and Electronics Academy |
| Address: 215 Anacostia Avenue NE Washington, D.C. 20019 | |

ENTITY AGAINST WHICH COMPLAINT IS MADE:   Integrated Design and Electronics Public Charter School and District of Columbia Public Schools
DCPS and/or D.C. Charter School
(Specify which charter school, if applicable)

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name:  Arthelia R. Sprow

Address:  215 Anacostia Ave., NE Washington, D.C. 20019

Phone: (H) 202 399-3515 _____ (W) _____ (F) _____

Relationship to Student: ____Parent ____Self __X__Legal Guardian ____Parent Surrogate ____Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable)

Name:  Miguel A. Hull, Esquire

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (W) 202-742-2000 _____ (F) 202-742-2098

1. Please indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if requested) and three (3) dates within the next thirty-five (35) days when you, your representative and witnesses are available for the hearing (if requested). Every effort will be made to accommodate your availability to the extent possible.

   Hearing:                                Mediation:

   1) April 14, 2003                       1) _____

   2) April 15, 2003                       2) _____

   3) April 16, 2003                       3) _____

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION / HEARING

2. Special Accommodation Requests for Mediation / Due Process Hearing (please be specific)

   - Interpreter

     ___ Foreign Language ( _____ )

     ___ Sign Language ( _____ )

     ___ Other ( _____ )

   - Special Communication ( _____ )

   - Special Accommodation for Disability ( _____ )

   - Other ( _____ )

3. In accordance with the Individuals with Disabilities Act (IDEA), please answer below:

   **Describe the nature of the problem.**

   Denial of a Free Appropriate Public Education- Inappropriate Individualized Educational Program. Marcus Davis is a sixteen-year-old young man currently attending the Integrated Design and Electronics Academy Public Charter School [IDEA PCS] in the District of Columbia, where he has shown poor academic progress. On March 10, 2003, an MDT meeting took place during which an Individualized Educational Program [IEP] was developed for Marcus classifying him as specific learning disabled and providing him with four hours of services per week. Ms. Arthelia Sprow, Marcus's grandmother and legal guardian, now respectfully asserts that this IEP and placement at IDEA PCS are inappropriate based on the following:
   - Inappropriate disability classification on IEP. Marcus's IEP does not appropriately address all of his disabilities. 34 C.F.R. Sec. 300.347 (Content of IEP must address child's disabilities). In addition to being learning disabled, Marcus should also have been classified as emotionally disturbed or with multiple disabilities. 34 C.F.R. Sec. 300.7 (c)(4)&(7). Marcus has a history of poor academic performance and is in danger of repeating the current year; a psychiatric report dated January 13, 2003, concludes, among other things, that Marcus suffers from Oppositional Defiance Disorder [ODD] and Post Traumatic Stress Disorder "by history" [PTSD]; the notes from an MDT meeting conducted on November 8, 2002, clearly state that Marcus is in need of a more therapeutic environment; and a psychological-educational evaluation report dated September 25, 2001, states, among other things, that "challenges with respecting authority figures and adhering to school or classroom expectation are more the result of emotional deficits as opposed to academic." Yet, despite all of this evidence, the charter-school members of the team refused to classify Marcus as emotionally disturbed.
   - Inappropriate goals and objectives. According to 34 C.F.R. Sec. 300.347(a)(2), an IEP must contain a

statement of measurable annual goals and objectives related to meeting the child's needs that result from the child's disabilities. In this case, the goals and objectives in the IEP do not appropriately address Marcus's social and emotional needs.

- <u>Inappropriate Transition Services Plan due to lack of vocational assessment.</u> The transition services plan in the current IEP is inappropriate given that Marcus has not had a vocational assessment. 34 C.F.R. Sec. 300.347 (b)(Transition Services). IDEA PCS agreed to conduct such an assessment during an MDT meeting that occurred on January 31, 2003. To date, however, it has not been done.
- <u>Marcus's current placement at IDEA Public Charter School is inappropriate.</u> Ms. Sprow asserts that Marcus requires a more therapeutic educational environment given his lack of progress and the severity of his disabilities, particularly his depression and ODD.
- <u>DCPS has been put on notice of Marcus's situation and as the respective state agency, is ultimately liable for the provision of a FAPE.</u> On August 15, 2002, Marcus's legal guardian, acting through counsel, provided DCPS with copies of Marcus's evaluations, IEP and a cover letter advising that Marcus's current placement was inappropriate and requesting DCPS's assistance in finding an appropriate placement. To date, however, DCPS has made no effort to assist in remedying Marcus's situation. Moreover, as the respective state educational agency, DCPS is ultimately liable for the provision of a FAPE. See 34 C.F.R. § 300.600, ("The SEA is responsible for ensuring that the requirements of [Part B of the IDEA] are carried out."); 34 C.F.R. 300.360 (State agency to provide FAPE directly if it determines that local agency is unable or unwilling to do so); <u>Gadsby vs. Grasmick</u>109 F.3d 940,952-53 (4th Circuit 1997) (SEA is ultimately responsible for the provision of a free appropriate education to all its students and may be held liable for the failure to assure compliance with IDEA); <u>St. Tammany Parish Sch. Bd. Vs. State of Louisiana</u>, 142 F.3d 776, 783-85 (5th Cir. 1998) (citing <u>Gadsby</u> in holding that State Agency could be held liable for costs of child's interim placement while decision on merits is pending); <u>Kruelle vs. New Castle County Sch. Dist.</u>, 642 F.2d 687, 696-97 (3d Cir. 1981) (held that legislative history and statutory language assigns responsibility to State Agency for providing the student with a proper educational program); and <u>John T. and Leigh T. vs. Iowa Department of Education</u>, 258 F.3d 860, 865 (8th Cir. 2001) ( On case remanded back to U.S. District Court, held that even when SEA had not participated in administrative proceedings, *SEA was liable for attorney's fees subsequently incurred at District Court proceedings* because of SEA's ultimate responsibility to ensure FAPE and due to its contentious participation during proceedings at District Court level).
- <u>Marcus's legal guardian further asserts any additional facts or issues, related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.</u>

**Describe issues to be addressed at the mediation and / or hearing.**

- Is Marcus Davis's current IEP appropriate?
- Is Marcus Davis placement at IDEA Public Charter School appropriate?
- Is Marcus Davis entitled to compensatory education for the violations committed here?
- <u>The legal guardian further asserts any additional facts or issues, related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.</u>
- <u>If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.</u>

**Describe relevant facts relating to the problem.**

Please see section under Nature of the Problem.

**How would you like to see the problem corrected?**

Marcus Davis's legal guardian respectfully requests the following:

1. a finding that Marcus's placement at IDEA PCS is inappropriate;

2. a finding that Marcus's current IEP is inappropriate;

3. that IDEA PCS/DCPS reconvene an MDT meeting for Marcus within ten (10) business days to determine:

- if additional evaluations are necessary and if none are; then
- develop an appropriate IEP; and
- to identify an appropriate permanent placement;

4. that DCPS be ordered to appropriately place Marcus Davis within ten [10] business days of the meeting described above if placement is for a public school or program or within twenty [20] business days if placement is at private school or program;

5. that in the event that at the MDT meeting referenced in number five above it is determined that additional evaluations are necessary, then the timelines described in numbers five and six above shall be suspended and DCPS shall conduct the needed evaluations within forty-five calendar days. Once the evaluations are completed, DCPS shall then proceed with the BLMDT/IEP meeting and placement in accordance with the timelines as specified above;

6. that if at the MDT meeting referenced in number five above it is determined that additional evaluations are necessary and DCPS fails to conduct those evaluations within the forty-five [45] calendar days specified above, then the parent shall have the right to independent evaluations at DCPS expense. Once the last independent evaluation is completed and delivered to DCPS, then DCPS shall proceed with the BLMDT/IEP meeting and placement in accordance with the timelines as specified above;

7. that IDEA PCS and/or DCPS provide any other relief deemed appropriate and relating to the violations committed here including but not limited to compensatory education;

8. that pursuant to 5 DCMR 3021.8, IDEA PCS and/or DCPS be ordered to provide parents counsel copies of all evaluation reports and all educational records, not previously provided, at least sixteen [16] business hours before any meeting which the student or parent is entitled to attend or participate in;

9. that IDEA PCS and/or DCPS be ordered to send all notices of meetings through counsel for the parent, Miguel A. Hull, via facsimile at 202-742-2098, with copies to the parent at least sixteen [16] business hours before any meeting which the student or parent is entitled to attend or participate in;

10. that DCPS provide a hearing within twenty [20] calendar days of a request on any issue arising out of the noncompliance with DCPS's obligations arising here, or any disagreement with the assessment, program, or placement that the student may have;

11. Pursuant to IDEA and its implementing regulations, 34 C.F.R. Sec. 300.1, and 5 DCMR 3000, DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

_____        March 14, 2003
Signature of Applicant/Parent           Date

**MAIL, FAX OR DELIVER APPLICATION TO:**
Student Hearing Office of the District of Columbia
825 North Capital Street, NE, 8th Floor
Washington, DC 20002
Fax number (202) 442-5556

For Office Use Only:

Case Number: _____

Student ID#: _____

H/M Schedule: _____

Date of Received: _____

Attorney Assigned: _____

Special Education Record Received: _____