# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
## CONFIDENTIAL

Nadine S. Evans, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, DC 20002
(202) 442-5432

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Marcus Davis ("Student"), ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: September 22, 1986 ) | |
| ) | |
| Petitioner, ) | Hearing Date: April 11, 2003 |
| ) | |
| v. ) | Held at: 825 North Capitol Street, N.E. |
| ) | 8th Floor |
| District of Columbia Public Schools ) | Washington, DC 20002 |
| ("School", "DCPS") ) | |
| [IDEA PCS] ) | Case Number: |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| Parent(s): | Arthella R. Sprow |
| | 215 Anacostia Avenue, NE |
| | Washington, DC 20019 |
| | |
| Counsel for Parent(s): | Miguel A. Hull, Esq. |
| | 1220 L Street, NW, Suite 700 |
| | Washington, DC 20005 |
| | |
| Counsel for School: | Paul S. Dalton, Esq. |
| | 6303 Little River Turnpike, Suite 310 |
| | Alexandria, Virginia 22312-5045 |
| | |
| Counsel for DCPS: | Jessica Charles, Esq. |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, DC 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

<u>Marcus Davis v. District of Columbia Public Schools</u>

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | Not Applicable (N/A) |
| Special Education Teacher | N/A |
| School Psychologist | N/A |
| Regular Education Teacher | N/A |
| Principal | N/A |
| Speech Pathologist | N/A |
| Occupational Therapist | N/A |
| Physical Therapist | N/A |
| Private Psychologist | N/A |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | Marcus Davis, 947623954 |
| Child's Parent(s) (specific relationship) | Arthella R. Sprow (Grandmother) |
| Child/Parent's Representative | Miguel A. Hull, Esq. |
| School System's Representative | Jessica Charles, Esq. |
| School's Representative (IDEA) | Paul S. Dalton, Esq. |
| Educational Advocate | Nadjai Plowden |
| Special Education Coordinator - IDEA | Diane Glover |
| Placement Specialist/Monitor | Sharon D. Woodson |
| Therapist, DC Mental Health | Dietra Taylor |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*OFFICE OF COMPLIANCE*

### Special Education Due Process Hearing

## I. INTRODUCTION

On March 14, 2003, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for parent. The Request alleges IDEA, Public Charter School, a Local Education Agency (LEA); (1) failed to list the student in the appropriate disability category; (2) failed to develop an appropriate IEP with goals and objectives; (3) failed to provide the student with an appropriate transition plan that includes a Vocational Assessment. A Due Process Hearing was convened on April 11, 2003 at the DCPS Student Hearing Office, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written, pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act.

## III. ISSUES

1. Whether the LEA failed to list the student in the appropriate disability category?

2. Whether the LEA failed to develop an appropriate IEP with goals and objectives?

3. Whether the LEA failed to provide the student with an appropriate transition plan that includes a Vocational Assessment?

## IV. SUMMARY OF THE EVIDENCE

IDEA Public Charter school is its own Local Education Agency (LEA), and DCPS acts as the State Education Agency (SEA). Counsel for parent's Request for Due Process Hearing contained a placement issue; however, it was withdrawn during the opening statements. The hearing proceeded as to the student's disability rating, and inappropriate IEP.

The student is sixteen years old, who resides with his grandmother and three siblings. The student has a history of poor academic performance in most academic subjects. [IDEA-2], [MD-13 through 19]. The only classes in which the student has demonstrated academic excellence are those that relate to the electrical trade. The student wants to become an electrician and plumber. [Testimony, Placement Specialist/Monitor].

On January 13, 2003, the student underwent a psychiatric evaluation. The student was diagnosed with Oppositional Defiant Disorder (ODD). The psychiatrist's treatment recommendations were that the student receives a structured vocation, counseling and behavior modification therapy. [MD-3]. There was no statement in the psychiatric report concerning whether the student's diagnosis interfered with his education or academic performance.

On January 31, 2003, the MDT met and discussed the student's academic progress. During that meeting, the educational advocate conveyed his opinion that the student's placement was inappropriate, and that the student's "label" needed to be revisited. [MD-4]. The student was stated to have made improvements despite his failing grades. [MD-4], [Testimony, Placement Specialist/Monitor]. The team also planned to impose mandatory tutoring, and develop a contract with the student by February 7, 2003. [MD-4].

Some time near the end of the January 31, 2003, MDT meeting, the educational advocate presented the team members with the psychiatric evaluation report, and then collected the report, due to several errors in the demographic information. [Testimony, Special Education Coordinator]. A corrected report was provided to the MDT members on or about March 5, 2003. [Testimony, Special Education Coordinator]. At some point, the placement specialist/monitor spoke to the psychiatrist, Dr. Prayaga, and was informed that the student's learning disability was his primary handicap. [Testimony, Placement Specialist/Monitor].

On March 10, 2003, the MDT convened. The MDT had discussions related to the student's academic performance, the psychological (psychiatric) evaluation, the student's meeting with the Plumber's Union and electrical contractors, and academic accommodations and modifications that would be made for the student. [MD-9]. The team recommended a "small group setting", "extra time" and Extended School Year (ESY) services. [MD-9]. The team discussed the need for a vocational assessment. [MD-9].

A new IEP was also developed for the student on March 10, 2003. The IEP lists one (1) hour of counseling per week, three (3) hours of math resource, and one (1) hour of consultation. The student's disability is listed as "SLD".[MD-10]. The IEP includes a "Counseling/Social Emotional" plan that is designed to address the student's emotional healing related to the death of his mother, as well as learning healthy ways to express his

feelings toward adults. [MD-10]. The student's IEP includes a "DCPS Transition Services Plan" and a plan for Extended School Year (ESY) services.

The student's grandmother believes that the student is "always negative" and "incorrigible". [Testimony, Parent]. She is concerned about the student's academic performance and his ability to graduate. She wants the LEA to "help" her grandson. Ultimately, the grandmother wants the student to "get an education" so that he can get a good job. [Testimony, Parent].

During the hearing, counsel for the LEA called the student as a witness. Counsel for the parent made an objection, since the student is a minor, and no parental permission was given for the student to provide testimony. The objection was sustained on the stated grounds. Counsel for the LEA voiced his exception to the ruling, which was duly noted.

## V.  FINDINGS OF FACT

The Hearing Officer hereby makes the following Findings of Fact:

1. Dr. Prayaga's January 13, 2003, psychiatric evaluation report diagnoses the student as having ODD.

2. Dr. Prayaga's psychiatric report lists the treatment recommendations as "1. Structured vocational, 2. Counseling, and 3. Behavioral modification therapy".

3. The student has a history of poor and/or failing academic performance. However, he has receives A's in subjects related to the electrical trade.

4. The March 10, 2003, MDT reviewed and considered the January 13, 2003 psychiatric report.

5. The March 10, 2003, IEP categorizes the student's disability as SLD.

6. The March 10, 2003, IEP contains Counseling/Social Emotional, Math (Specialized Instruction), Consultation, and Transition goals and objectives.

## VI. DECISIONS AND CONCLUSIONS OF LAW

1. The LEA has listed the student in the appropriate disability category.

The March 10, 2003 MDT reviewed the January 13, 2003 psychiatric report, and made the decision to allow the student to remain at in his current "Specific Learning Disability" category.

20 U.S.C. Section 1401 (26)(A) provides:

> (A) In general – The term "specific learning disability" means a disorder in one or more of the basic psychological processes involved in understanding or in using language, spoken or written, which disorder may manifest itself in imperfect ability to listen, think, speak, read, write, spell or do mathematical calculations.

Since the results of the student's other evaluations were not provided as evidence by either counsel, only the IEP, psychiatric report, and testimony can be used to make a determination concerning the "appropriateness" of the student's disability category. Based upon the documents and the testimony provided, the disability category that the student is in is appropriate.

While having made the determination that the SLD category is appropriate, this does not mean that other disabilities may not exist. The question is whether these other disabilities, namely ODD, had a negative impact on the student's ability to learn. A review of the January 13, 2003, psychiatric report does not indicate that the student's ODD significantly affected his ability to learn. The recommendations of the psychiatrist do not relate to the student's ability to learn. The recommendations point solidly toward a stimulation of the student's desire to learn.

Therefore, the LEA has shown, by a preponderance of the evidence, that the student's disability category is appropriate.

2. The LEA developed an appropriate IEP with goals and objectives.

The MDT met on January 31, 2003 to discuss the student's performance and to develop a mechanism for addressing the student's academic performance. By the March 10, 2003 IEP meeting, the team had reviewed the student's psychiatric report, and was ready to develop a new IEP for the student.

The March 10, 2003, IEP specifically deals with the student's counseling issues, specialized Math instruction, inability to complete homework assignments, transition, and need for small group instruction. The LEA also linked the student's classroom

6

performance to his ability to work in the electrical and/or plumbing trades. The IEP is responsive to the Vocational, Counseling, and Behavior Modification recommendations made in the January 13, 2003 psychiatric evaluation report.

The LEA has shown by a preponderance of the evidence that the IEP goals and objectives are appropriate to the student's SLD classification, and the treatment recommendations contained in the January 13, 2003, psychiatric report.

3. The LEA provided the student with an appropriate transition plan that did not include a Vocational Assessment.

34 C.F.R. Section 300.29 provides:

> (a) As used in this part, transition services means a coordinated set of activities for a student with a disability that –
> (1) Is designed within an outcome-oriented process, that promotes movement from school to post-school activities, including postsecondary education, vocation training, integrated employment (including supported employment), continuing and adult education, adult services, independent living, or community participation;
> (2) Is based on the individual student's needs, taking into account the student's preferences and interests; and
> (3) Includes-
>    (i) Instruction;
>    (ii) Related services
>    (iii) Community experiences;
>    (iv) The development of employment and other post-school adult living objectives; and
>    (v) If appropriate, acquisition of daily living skills and functional vocational evaluation.

34 C.F.R. Section 300.347 (b) requires that at age 14 (or younger, if determined by the IEP team) a student with a disability must have an IEP that contains a statement of transition services needs. A student with a disability, age 16 must have an IEP that contains a statement of needed transition services, including, if appropriate, a statement of the interagency responsibilities or any needed linkages.

There was no documentary evidence presented concerning the student's March 7, 2002, IEP, and as such, this decision must be limited to a determination based upon the contents of the March 10, 2003 IEP.

The March 10, 2003 IEP contains a Transition Services statement. The student has been taking classes in electrical wiring and is attempting to get summer employment working with the Electrical Union. Although counsel for parent suggested that the student had to have a Vocational Assessment, the rules do not make this a requirement.

7

This is especially true, where, as here, the student has been taking classes in a particular vocation, and has had superior performance in those classes. However, the January 31, 2003 MDT does make mention of a plan to conduct a vocational assessment.

The transition plan contained in the March 10, 2003 IEP is appropriate despite the fact that it does not contain the results of a vocational assessment. Therefore, the LEA has shown by a preponderance of the evidence that the transition statement is appropriate for the particular needs of the student.

## VII. ORDER

Pursuant to the Findings of Fact and Conclusions of Law, it is hereby ORDERED that:

1. The LEA and/or DCPS shall conduct a Vocational Assessment on or before May 19, 2003.

2. The LEA shall convene a MDT within ten (10) school days of the availability of the Vocational Assessment report.

3. The MDT shall review the Vocational Assessment report and revise the student's transition plan, as necessary.

4. Any delay caused by parent, or counsel for parent, shall result in a day-for-day extension for DCPS on any deadline.

## VIII. APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION**. Appeal may be made to a court of competent jurisdiction within thirty (30) days for the date this decision was issued.

_____ Date: April 25, 2003
Nadine S. Evans, Esq., Hearing Officer

Date Issued:
4-28-03
Student Hearing Office, DCPS

8

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
IMPARTIAL DUE PROCESS HEARING

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Marcus Davis ("Student"), ) | |
| Date of Birth: September 22, 1986 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| [IDEA, PCS] ) | |
| ) | |
| Respondent. ) | |
| ) | |

I, Nadine S. Evans, Esq., Impartial Due Process Hearing Officer in this matter, DO HEREBY CERTIFY that the attached Record of Proceeding and attached Index of Exhibits itemizes the entire record in the above entitled matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I FURTHER CERTIFY that the documents and things forwarded herewith are either the original, or true copy of the original documents submitted in this matter.

EXECUTED this 25th day of April, 2003.

*/s/ Nadine S. Evans*
DUE PROCESS HEARING OFFICER

## MATTER OF Marcus Davis V. District of Columbia Public Schools

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| MD-1 | Due Process Hearing Request (3/14/03) | Yes |
| MD-2 | Notice of Special Education Hearing (4/1/03) | Yes |
| MD-3 | Psychiatric Evaluation and Diagnostic Cert. (1/13/03) | Yes |
| MD-4 | MDT Meeting Notes (1/31/03) | Yes |
| MD-5 | Educational Advocate's MDT Notes (3/10/03) | Yes |
| MD-6 | Notice of Denial of FAPE Letter (3/17/03) | Yes |
| MD-7 | MDT Meeting Notes (11/8/02) | Yes |
| MD-8 | Letter to Anne Gay (8/15/02) | Yes |
| MD-9 | MDT Meeting Notes (3/10/03) | Yes |
| MD-10 | IEP (3/10/03) | Yes |
| MD-11 | MDT Meeting Notes (12/03/03) | Yes |
| MD-12 | Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR 4th Ed. Pages 34 & 100 | Yes |
| MD-13 | Report Card 2001-2002, 1st Quarter | Yes |
| MD-14 | Student Transcript 2000-2001 | Yes |
| MD-15 | Report Card 2002-2002, 2nd Quarter | Yes |
| MD-16 | Progress Report 2001-2002, 3rd Quarter | Yes |
| MD-17 | Final Report Card 2001-2002 | Yes |
| MD-18 | Progress Report 2002-2003, 1st Quarter | Yes |
| MD-19 | Progress Report 2002-2003, 3rd Quarter | Yes |
| IDEA-1 | IEP with Meeting Notes (3/10/03) | Yes |
| IDEA-2 | 3rd Quarter Report Card (4/3/03) | Yes |
| IDEA-3 | Career Assessment Letter (4/4/03) | Yes |
| IDEA-4 | Job Offer Letter (4/3/03) | Yes |
| IDEA-5 | Passport to Work Summer Program Flier | Yes |

# MATTER OF Marcus Davis v. District of Columbia Public Schools

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
| --- | --- |
| 3/14/03 | Request for Due Process Hearing |
| N/A | Notice of Pre-Hearing Conference (as applicable) |
| 3/31/03 | Notice of Due Process Hearing |
| 4/25/03 | SETS Disposition Form |
| 4/11/03 | Transcripts or audio tapes of hearing |

**STUDENT'S NAME:** Marcus Davis
**HEARING DATE:** April 11, 2003

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Miguel Hull | Student | attorney |
| Naomi Plowden | Student | advocate |
| Dietra Taylor | Both | Therapist |
| Shawn D. Wooden | DCPS | Placement ser./monitor |
| Paul S Dalton | IMSA P.C.S. | attorney |
| Jessica Charls | PCPS | Attorney Advisor |
| * Diane Glover | DCPS | Special Ed. Coordinator I.D.E.A. |
| * Arthella R. Sprow | STUDENT | Legal Guardian Grandmother |

_____
HEARING OFFICER

* Telephone Witnesses

## DISPOSITION OF REQUEST FOR MEDIATION/ HEARING

Method of resolution (Circle appropriate resolution): DRC/ HOD/ SA/ Mediation Agreement (MA)

Name of Student: Marcus Davis  DOB: 9/22/96 ID: 9416989 Case Number: _____

Attending School: _____  Mediation/ Hearing Request Date: _____ Date of Resolution: __/__/__

Services Identified By: _____  Date of Service Identification: __/__/__

Faxed to School By: _____  Date Faxed: __/__/__ (*Compliance Source to be completed by OMC Office)

Returned to Office of Mediation/ Compliance by (school/ unit representative): _____ Date Returned: __/__/__

### PLEASE CHECK ALL THAT APPLY & PROVIDE DUE DATE OR NUMBER OF DAYS ALLOWED FOR COMPLETION (if applicable)

☐ No Action Required (Enter as Meeting Outcome)

| (✓) | Due Date/# Days | Services (per DRC/HOD/SA/MA) | *Compliance Source | Completed Date |
|---|---|---|---|---|
| | | Comp Ed: Conduct MDT Meeting to determine eligibility for Comp Ed | | |
| | | Comp Ed: Conduct MDT Meeting to determine type (and amount, if not specified) for Comp Ed | | |
| | | Comp Ed: Other | | |
| | | Comp Ed: Parent reserves right to seek future Comp Ed | | |
| | | Comp Ed: Provide Comp Ed (Identify type and amount) | | |
| | | Comp Ed: Provide tutoring services (identify type and amount) | | |
| | | Dismissal: Case dismissed or withdrawn | | |
| | | Eligibility: Conduct MDT Meeting to determine eligibility | | |
| | | Eligibility: Conduct MDT Reevaluation Meeting to confirm eligibility | | |
| | | Eligibility: Issue Notice of Ineligibility- NOI (if appropriate) | | |
| | | Eligibility: Other | | |
| | | ESY: Conduct MDT Mtg. To determine eligibility for ESY | | |

| (✓) | Due Date/# Days | Services (per DRC/HOD/SA/MA) | *Compliance Source | Completed Date |
|---|---|---|---|---|
| | | ESY: Other | | |
| | | Finance: DCPS to fund assistive technology | | |
| | | Finance: DCPS to fund independent assessments | | |
| | | Finance: DCPS to fund independent assessment if DCPS fails to complete assessments by due date (Identify due date) | | |
| | | Finance: DCPS to fund interim placement (identify school if known) | | |
| | | Finance: DCPS to fund placement (Identify school if known) | | |
| | | Finance: DCPS to fund transportation | | |
| | | Finance: DCPS to fund tuition (identify school if known) | | |
| | | Finance: DCPS to fund tutoring | | |
| | | Finance: DCPS to provide reimbursement (identify for what and to whom) | | |
| | | Finance: Other | | |
| | | IEP: Convene MDT Meeting to develop review and/or revise IEP | | |

| (✓) | Services (per DRC/HOD/SA/MA) | *Compliance Source | Completed Date |
|---|---|---|---|
| | Due Date/# Days | | |
| | IEP: Implement IEP | | |
| ✓ | IEP: Other Transition Plan Review/Revise | | |
| | Order Assess: Adaptive PE | | |
| | Order Assess: Audiology | | |
| | Order Assess: Clinical Psych. | | |
| | Order Assess: Complete Initial Assessment | | |
| | Order Assess: Complete Reevaluation Assessments | | |
| | Order Assess: Conduct MDT Meeting to determine assessments needed (if any) | | |
| | Order Assess: Educational | | |
| | Order Assess: Functional Behavior | | |
| | Order Assess: Neuro-Psychological | | |
| | Order Assess: Occupational Therapy | | |
| | Order Assess: Orientation/Mobility | | |
| | Order Assess: Other | | |
| | Order Assess: Parent Interview | | |
| | Order Assess: Physical Therapy | | |
| | Order Assess: Psychiatric | | |
| | Order Assess: Psycho-Educational | | |
| | Order Assess: Social History | | |
| | Order Assess: Speech-Language | | |
| | Order Assess: Vineland | | |
| | Order Assess: Vision Assessment | | |
| 5/19 | Other - Detail in notes section Vocational Assessment by LEA | | |
| | Placement: Convene MDT Meeting to determine appropriate placement | | |
| | Placement: Issue Notice of Placement (NOPP), Identify School if known | | |
| | Placement: Issue Notice of Interim Placement (INT)- Identify School | | |
| | Placement: Other | | |
| | Placement: Refer case to Residential Placement Unit (RPU) | | |

| (✓) | Services (per DRC/HOD/SA/MA) | *Compliance Source | Completed Date |
|---|---|---|---|
| | Due Date/# Days | | |
| | Placement: Send referral packets to potential private placements identified by DCPS | | |
| | Provide Services: Adaptive PE | | |
| | Provide Services: Assistive Techn. | | |
| | Provide Services: Audiology | | |
| | Provide Services: Family Therapy | | |
| | Provide Services: Medical Services | | |
| | Provide Services: Occupational Ther. | | |
| | Provide Services: Orientational | | |
| | Provide Services: Other | | |
| | Provide Services: Physical Therapy | | |
| | Provide Services: Psychological | | |
| | Provide Services: School Counseling | | |
| | Provide Services: School Health Ser. | | |
| | Provide Services: Specialized Instruction | | |
| | Provide Services: Speech Language Services | | |
| | Provide Services: Transition Services | | |
| | Provide Services: Transportation | | |
| | Records: Provide copies of Assessments to parents/parent's counsel prior to meeting (Identify by whom) | | |
| | Records: Provide copies of Independent assessment to be provided to DCPS (Identify by whom) | | |
| | Records: Provide educational records to parents/ parent's counsel | | |
| | Records: Other | | |
| | Scheduling: All meetings to be scheduled at a mutually agreeable time through parent's counsel | | |
| | Scheduling: Other | | |
| | Settlement: Settlement agreement put on at hearing | | |