UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHELLA R. SPROW,** *et alia* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. : 1:06 CV01459 (HHK) |
| | ) |
| **IDEA PUBLIC CHARTER SCHOOL** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, by and through their attorney, Tilman L. Gerald and Roxanne D. Neloms of James E. Brown & Associates, PLLC, hereby oppose the Defendant's Motion To Dismiss filed herein against them by the Defendant for the reasons that are more specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Motion To Dismiss filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

Respectfully submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile
***Attorneys for the Plaintiffs***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHELLA R. SPROW,** *et alia* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. : 1:06 CV01459 (HHK) |
| | ) |
| **IDEA PUBLIC CHARTER SCHOOL** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
SUBMITTED IN SUPPORT OF THE PLAINTIFFS' MOTION
IN OPPOSITION OF THE DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald and Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion To Dismiss, represent unto this Honorable Court as follows:

**INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) the plaintiffs are seeking reimbursement of reasonable attorneys' fees in the above referenced matters, where the Plaintiff secured some or all the relief sought to establish "prevailing party" status pursuant to 20 U.S.C. 1415. In June 10, 2003 and October 6, 2004, Plaintiff Sprow submitted a request of reimbursement for attorney fees. Prior to the filing of this suit the Defendant failed to reimbursed the Plaintiff, and to date the Defendant has failed to provide a reasonable explanation for denying the Plaintiff's request for reimbursement of reasonable attorneys

1

fees. For the reasons that follow, the Plaintiffs respectfully request that this Honorable Court deny the Defendant's motion.

With respect to Plaintiff Miller, a motion to consolidate has been submitted to the presiding judge in the related matter *IDEA Public Charter School v. Belton, et al.*, Civil Action No: 05-0467 (RMC).

### A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted and the Defendant has not demonstrated that the Plaintiff can not prove a sufficient factual basis which is supported regarding her request for reasonable attorney fees.

### B. AN ACTION WILL NOT BE DISMISSED FOR FAILURE TO PROSECUTE IN THE NAME OF THE REAL PARTY.

In March 2003, Plaintiff Arthella Sprow filed a hearing request on behalf of her minor child, M.D. At the time the suit was file on his behalf and the subsequent hearing officer's determination was issued, M.D. had not yet reached the age of majority. In the year that followed, the Plaintiff sought reimbursement for reasonable attorney fees no less than two times. The Defendant at no time ever responded to her requests. The Defendant argues that this action should be dismissed because M.D. has reached the age of majority and may be bring the suit in own stead. However, the Plaintiff

incurred this debt while M.D. was still a minor and has spent the last two years seeking reimbursement for these fees. Since the debt is her debt, the action should remain in her name.

However, if this Court disagrees with that analysis, then, Fed. Civ. Pro. Rule 17 states "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." See Fed. Civ. Rule 17 (2006).

As a result, the Plaintiff in this matter is allowed to substitute her child, M.D., as he has reached the age of majority in her stead.

### C. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

The Defendant argues that because the Hearing Officer concluded that the Defendant met its burden of proof that the Plaintiffs are not prevailing parties pursuant to 20 U.S.C. 1415. See 20 U.S.C. 1415. This argument is erroneous as the test used to determine a "prevailing party" does not require a determination of a denial of FAPE. In the March 2003, hearing request the Plaintiff alleged that the Defendant failed to appropriately classify M.D., and further failed to develop an appropriate transition service plan due to the Defendant's failure to complete a vocational assessment. In a January 31, 2003 MDT/IEP meeting the Defendant agreed to complete the vocational, yet as of the April 2003 hearing it had not done so. As relief, the Plaintiff requested, at a minimum, that a meeting be held to address evaluations, to develop an appropriate IEP and identify an appropriate placement. The April 2003 Hearing Officer's Determination ordered the Defendant to complete a vocational assessment as it had agreed.

Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. This statutory right to seek fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statues, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowed an independent cause of action for attorneys' fees, held that the courts may award parents attorney fees upon prevailing in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990). The IDEIA states that "[T]he court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).

"[P]revailing party" status is conferred upon the Plaintiff in this matter because a change in the legal relationship occurred between the Plaintiff and the Defendant. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)

In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party" status. Judge Edwards, in *Select Milk*, agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement

4

is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

In addition, it is not necessary for the Plaintiff to obtain all the relief that it initially sought to become a "prevailing party", it is only necessary that a "material alteration of the legal relationship of the parties [occur] to permit an award of attorney's fees." *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005). "[Thus a] parent must obtain actual relief on the merits of the claim so as to materially alter the legal relationship between the parties." See *Jose Luis., et al., v. Joliet Township H.S. Dist.*, 35 IDELR 151, (D.N. ILL 2001).

In this matter, the relief awarded to the Plaintiff not only resulted in a material alteration of the legal relationship of the parties, but was also significant in as much as the vocational assessment would lay the groundwork for the transition services the Plaintiff desired and which was the centerpiece of the relief sought.

### D. THE PLAINTIFF'S CLAIM IS NOT BARRED BY THE STATUTE OF LIMITATIONS

The Defendant argues that a two year statue of limitation applies to the Plaintiff's claim for

reimbursement for attorney fees. It relies on 20 USC §1415 (f)(3)(C), which states that a party can request a due process hearing "within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 USC §1415(f)(3)(C). The Defendant argues that because the recently amended IDEIA includes a two year statute of limitations, it should be applied to this case as well. Such a proposition is pregnant with defect misconception.

As noted in *Kaseman v. DC.*, 41 IDELR 236 (DC 2004), the applicable statute of limitations is § 12-310(8) of the D.C. Code, as amended, which contains a three year statute of limitations applies in the District of Columbia for IDEA attorney fee actions. *Id.* at 1002. The Kaseman Court reasoned that:

> "[b]ecause district courts have the exclusive jurisdiction to award attorney's fees is not akin to an appeal from an administrative decision, and thus, importing the statute of limitations for appeals would be inappropriate. A longer limitation period, moreover, provides a more realistic opportunity for the negotiation and settlement of fee petitions, thereby hopefully minimizing the need to turn to federal courts with unnecessary, often burdensome, attorney fee litigation.

See *Kaseman*, supra.

"When [a] statute is clear on its face, resort[ing] to the legislative history, much less to the agency's interpretation, is not necessary." *Eagle-Picher Indus. Inc. v. Envtl. Prot. Agency*, 759 F.2d 922 (D.C.Cir.1985). That sound logic still applies in this matter and the two year statute of limitation only applies to the filing of a hearing request. The Plaintiff requested that the Defendant reimbursed her for reasonable attorney fees in June 2003 and in October 2004. The Defendant never responded nor provided the parent with a reason it refused to honor her request for reimbursement for attorneys fees. In her correspondence of October 6, 2004, the parent requested that payment should be remitted within fourteen days. Thus on October 20, 2004, the parent knew or should have

known that the Defendant had not intentions of reimbursing her for reasonable attorney fees. *See Kropinski v. World Plan Executive Council- US,* 853 F. 2d 948, (C.A.D.C. 1988)(statute of limitations begins to run at time when prospective plaintiff knows or should known through exercise of due diligence of his rights to recover). Thus, applying the three year statute of limitations to this claim, the Plaintiff had until October 20, 2007, to file her complaint seeking the reimbursement of reasonable attorney fees. The Defendant's argument that the two year period of limitation applying to the prosecution of a claim for special education services fails and is unavailing . As a result of the foregoing this Court should find that the Plaintiff filed her complaint within the time prescribed and deny the Defendant's Motion to Dismiss.

## **CONCLUSION**

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to deny the Defendant's Motion to Dismiss and allow the Plaintiff's Counsel to request leave to amend their complaint regarding reimbursement of attorney fees pursuant to the IDEIA. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

                          Respectfully Submitted,

                          _____/s/_____
                          Tilman L. Gerald 928796
                          Roxanne D. Neloms 478157
                          James E. Brown & Associates, PLLC
                          1220 L Street, N.W., Suite 700
                          Washington, D.C. 2000
                          (202)742-2000
                          ***Attorneys for Plaintiffs***