## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**ARTHELLA R. SPROW,**
**parent and next friend of**
**M.D., a minor**

           **Plaintiff,**

      **v.**

**IDEA PUBLIC CHARTER SCHOOL,**

           **Defendant.**

---

      **Civil Action 06-01459 (HHK)**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Arthella R. Sprow, parent and next friend of minor M.D., brings this action

against Integrated Design and Electronics Academy Public Charter School ("Academy"),

pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400, *et. seq.*, as

amended by the Individuals with Disabilities Improvement Education Act of 2004 (IDEIA), Pub.

L. No. 108–446, 118 Stat. 2647. Sprow seeks reimbursement of attorneys' fees incurred in

connection with the litigation of her IDEA claim on behalf of M.D. at an administrative due

process hearing. Before the court is the Academy's motion to dismiss [#4] on the grounds that

Sprow does not have standing, that she was not the prevailing party at the due process hearing,

and that her claim is barred by the statute of limitations. The Academy also seeks to recover the

attorneys' fees it incurred in defending against this action. Upon consideration of the motion, the

opposition thereto, and the record in this case, the court concludes that the motion must be

denied.

## I. BACKGROUND

**A.    Statutory Background**

Under the IDEA, each disabled student is entitled to a "free appropriate public education," or a "FAPE," which requires that appropriate special education services be "provided at public expense, under public supervision and direction, and without charge." 20 U.S.C. § 1401(9)(A). To ensure that each eligible student receives a FAPE, the IDEA requires that an individualized education program ("IEP") be developed to provide each disabled student with a plan for educational services tailored to that student's unique needs. *Id.* § 1414(d). Public education providers must "conduct a full and individual initial evaluation . . . before the initial provision of special education and related services to a child with a disability." *Id.* § 1414(a)(1)(A). The educational agency may also conduct a reevaluation if it appears that the student's needs, "including improved academic achievement and functional performance, . . . warrant a reevaluation," or such a reevaluation is requested by the student's parents or teachers. *Id.* § 1414(a)(2)(A). When a child turns sixteen years old, the IEP must include "transition services" designed to prepare the child for life following secondary education, including "training, education, employment, and, where appropriate, independent living skills." *Id.* § 1414(d)(1)(A)(i)(VIII). A parent who is dissatisfied with her child's evaluation or placement may request an impartial due process hearing before an administrative hearing officer ("HO"). *Id.* § 1415(f)(1). For purposes of the IDEA, a "parent" also means a child's guardian or a relative (such as a grandparent) "acting in the place" of a parent. *Id.* § 1401(23)(B)–(C); *see also* 34 C.F.R. § 300.30 (defining "parent" to include a guardian "authorized to make educational decisions for the child" and a grandparent acting in place of a parent).

The decision of an HO may be challenged in federal district court by any "aggrieved party." *Id.* § 1415(i)(2). A parent of a child with a disability who prevails at the administrative or district court level may seek reasonable attorneys' fees which the court may, in its discretion, award. *Id.* § 1415(i)(3)(B)(i)(I). An IDEIA amendment to the IDEA, effective in 2005, also provides that the court may award fees to a prevailing educational agency if a parent's complaint or suit was "presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.* § 1415(i)(3)(B)(i)(III).

**B.    Factual Background**

M.D. was diagnosed with a "specific learning disability," which is defined under the law as a disorder in one or more basic psychological or educational processes. 20 U.S.C. § 1401(30)(A). Sprow, M.D.'s grandmother and legal guardian,[1] filed a request for a due process hearing in March 2003, contending that M.D. was being denied a FAPE by the Academy because his IEP was inappropriate, he was not making significant progress, and his transition services plan did not contain the vocational assessment that the Academy agreed to provide.[2] Sprow sought a determination regarding the appropriateness of the IEP, and whether M.D. was entitled to entitled to compensatory education for the violations alleged. She also sought a multi-disciplinary team ("MDT") meeting within ten days to determine whether additional evaluations were necessary and to develop an appropriate IEP.

_____

[1] M.D. was born on September 22, 1986, and was sixteen years old when these proceedings began.

[2] A challenge to the appropriateness of M.D.'s placement was later withdrawn.

3

After a due process hearing on April 11, 2003, the HO determined that the IEP and transition services plan were appropriate. Decision at 6–8. The HO also found that a vocational assessment was not required by the applicable rules, but that the Academy had agreed to conduct a vocational assessment. *Id.* at 7–8. Thus, the HO ordered the Academy to conduct a vocational assessment, to convene an MTD meeting within ten days of the assessment, and to revise M.D.'s IEP as necessary. *Id.* Sprow submitted a request for reimbursement of attorneys' fees on June 13, 2003, which were not paid. A second demand was submitted on October 6, 2004, indicating that failure to respond in fourteen days would constitute refusal to pay. Sprow filed this action on August 18, 2006.

### III.  ANALYSIS

**A.       Standing**

The Academy  contends  that this action must be dismissed because Sprow does not have standing to bring it because M.D. is no longer a minor. The Academy's argument is without merit.

The IDEA provides that "when a child with a disability reaches the age of majority under State law . . . all other rights accorded to parents . . . transfer to the child." 20 U.S.C. § 1415(m)(1)(B). Here, while it is true that M.D. has reached the age of majority, Sprow is seeking an award of attorneys' fees expended in the due process hearing convened in April 2003, when M.D. was sixteen years old and Sprow did have standing to sue on his behalf. Moreover, under the IDEA, parents and guardians have their own independent right to seek attorneys' fees expended on behalf of a disabled child. *See id.* § 1415(i)(3)(B)(i)(I) (providing that attorneys' fees may be awarded "to a prevailing party who is the parent of a child with a disability"); *see*

*also Winkelman v. Parma City School Dist.*, 550 U.S. __, 127 S.Ct. 1994, 2002 (2007)

(observing that parents have independent rights to attorneys' fees under the IDEA).

**B.      Prevailing Party**

The Academy next contends that Sprow is not entitled to her attorneys' fees because she

is not a prevailing party.  This argument is also without merit.

A parent who prevails under the IDEA is entitled to recover reasonable attorneys' fees.

20 U.S.C. § 1415(i)(3)(B).  Although the IDEA does not explicitly provide for a cause of action

to obtain such fees, it is settled that a party who prevails at the administrative level may file an

action in federal district court seeking attorneys' fees.  *Moore v. District of Columbia*, 907 F.2d

165, 171 (D.C. Cir. 1990) (en banc) (concluding that IDEA supports independent action in

federal court to recover fees); *Kaseman v. District of Columbia*, 444 F.3d 637, 639 (D.C. Cir.

2006) ("*Moore* allows that party to petition a court for recovery of attorneys' fees under the

IDEA's fee-shifting provision.").  Under the IDEA, it is the province of the federal court to

determine whether a party has achieved prevailing party status.  20 U.S.C. § 1415(i)(3)(B).

The essential test for prevailing party status is whether a party successfully obtains a

"material alteration of the legal relationship of the parties" with the imprimatur of an

adjudication.  *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532

U.S. 598, 604 (2001) (internal quotation marks omitted); *see also Armstrong v. Vance*, 328 F.

Supp. 2d 50, 57 (D.D.C. 2004).  A plaintiff need not receive all of the relief requested at the

administrative level to be considered "prevailing" for the purposes of attorneys' fees under the

IDEA.  A plaintiff is deemed to have prevailed so long as the HO's decision awarded plaintiff

"relief on the merits," such as an order "to undertake or refrain from some conduct consistent

with [the IDEA]." *Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 120 & n.8 (D.D.C. 2004).

Here, Sprow sought and received an order for a vocational assessment to which she would not otherwise have been entitled without the HO's order. Such a result constitutes "prevailing" under the IDEA because it alters the legal relationship of the parties. Thus, the court concludes that Sprow was a prevailing party at the administrative level.

**C.     Statute of Limitations**

Finally, the Academy asserts that this action is barred by the applicable statute of limitations. As with the Academy's other arguments for dismissal, its statute of limitations defense cannot be sustained.

The IDEA does not provide a statute of limitations for actions seeking attorneys' fees. *Anthony v. District of Columbia*, 463 F. Supp. 2d 37, 42 (D.D.C. 2006). Indeed, prior to the IDEIA's amendments, effective 2005, the IDEA provided no limitations period for any actions. Courts in this district borrowed the District of Columbia's three-year "catch-all" limitations period, D.C. Code § 12-301(8), for due process hearing requests, *Anthony*, 463 F. Supp. 2d at 42, and applied it to actions for fees as well, *Armstrong*, 328 F. Supp. 2d at 56. *See also Brown ex rel. P.L. v. Barbara Jordan Public Charter School*, 2007 WL 1723655, *1 (D.D.C. 2007) (noting that most judicial officers in this jurisdiction have applied the three-year limitations period in the absence of D.C. Circuit precedent to the contrary); *but see Abraham v. District of Columbia*, 338 F. Supp. 2d 113 (D.D.C. 2004)(concluding that thirty-day limitations period applied to attorneys' fees claim). In 2005, the IDEIA imposed a two-year limitation on requests for hearings, 20 U.S.C. § 1415(f)(3)(C), but it imposed no similar time limitation on actions seeking fees.

The Academy contends that Sprow's action seeking fees is barred by the IDEIA's two-year limitation on requests for a due process hearing. The court rejects this contention for two reasons. First, the IDEA itself does not address a limitations period on requests for attorneys' fees, which are creatures of case law, and the D.C. Circuit has not yet addressed the question. *See Kaseman*, 444 F.3d at 643 (determining that fee request is part of same "action" as underlying dispute for purposes of the D.C. fee cap provision without determining whether it is subject to the same statute of limitations). Second, and more importantly, even if the IDEIA's two-year statute of limitations applied to fee requests, it would not apply to Sprow's claim. The IDEIA was not effective until July 2005 — two years after the fee request was first filed. Generally speaking, legislation does not have retroactive effect absent Congress's express stipulation. *See generally Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). There is no indication that Congress intended the IDEIA to apply retroactively. *Anthony*, 463 F. Supp. 2d at 42. Thus, even if the IDEIA's time limitations apply to actions seeking fees, they would not be applicable here in any event.

At all times relevant to Sprow's fee request, the applicable statute of limitations was three years. Here, the statute of limitations clock began to run at the time that Sprow had notice that her fee request was not going to be paid, which was fourteen days after her second demand was submitted (October 20, 2004). *See Armstrong*, 328 F. Supp. 2d at 54 (noting that time limit begins to run when parent has notice that fee request will not be paid). As Sprow's action seeking attorneys' fees was filed within three years of that date, it is not time-barred.[3]

---

[3] The Academy requests attorneys' fees under the IDEA, 20 U.S.C. § 1415(i)(3)(B), because it is the prevailing party in this fee dispute. Having rejected all of the Academy's claims, the court concludes that the Academy is not the prevailing party and that its request for fees must

### III.  CONCLUSION

For the foregoing reasons, it is this 16th day of August, 2007, hereby

**ORDERED** that defendant's motion to dismiss and motion for attorneys' fees [#4] is

**DENIED**.

Henry H. Kennedy, Jr.
United States District Judge

---

be denied.