IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHELLA R. SPROW,** *et alia* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. : 1:06 CV01459 (HHK) |
| | ) |
| **IDEA PUBLIC CHARTER SCHOOL** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### MEMORANDUM TO SUPPORT PLAINTIFFS' CLAIMS FOR AN AWARD OF REASONABLE ATTORNEY FEES AND COSTS.

COMES NOW, the Plaintiffs, by and through their attorney, Roxanne D. Neloms and Domiento C.R. Hill of James E. Brown and Associates, in their Memorandum to Support Plaintiffs' Claims for an Award of Reasonable Attorney's Fees and Costs respectfully represents unto this Honorable Court as follows:

### I. INTRODUCTION

In an August 18, 2006 Complaint, the Plaintiffs sought reimbursement for reasonable attorneys' fees, where some or all the relief sought to establish "prevailing party"status ws secured pursuant to 20 U.S.C. 1415. While the Plaintiffs requested reimbursement from the Defendant on June 10, 2003 and October 6, 2004, the Defendant failed to reimbursed the Plaintiffs. In October 2006 the Defendant filed a motion to dismiss alleging that the Plaintiffs did not prevail at the administrative level and were further time-barred from requesting reimbursement for fees. By Memorandum Opinion issued on August 16, 2007, the Defendant's Motion to Dismiss was denied

1

and pursuant to the IDEIA the Plaintiffs were determined to be a prevailing party. *See August 2007 Memorandum Opinion*. Since the issuance of that Memorandum Opinion, the Defendant sought new counsel, of which Plaintiffs counsel contacted on November 23, 2007 seeking resolution and several times thereafter with no response. Due to the Court finding that the Plaintiffs prevailed at the administrative level, the Plaintiffs' hereby submit an application for attorney fees.

## II. THE *LAFFEY* MATRIX SHOULD BE USED TO DETERMINE THE REASONABLENESS OF THE REMAINING NINE CASES.

"[T]he *Laffey* Matrix is intended to be used in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable attorney's fees', the Plaintiffs do not object to this Court awarding fees pursuant to their applications, notwithstanding the fact that the fees charged per hour by the attorneys, $350.00, is the rate normally charged to paying clients. The IDEIA contains a fee-shifting statue and thus the *Laffey* matrix applies. This Court has stated that in order "to recover fees based on prevailing market rates, [an] attorney [omit] must show: (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant community for attorneys of comparable skill, experience and reputation. See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004). "The prevailing market rate can be determined by reference to the so-called Laffey matrix". See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984).

In support of the Plaintiffs' fee application, Plaintiffs' counsel has attached information regarding Roxanne D. Neloms, and Miguel Hull's reputation in the community. ***See Exhibits 1 and 2.*** As each attorney listed has the required qualifications, experience, and skills, this Court should award fees in connection with the *Laffey* matrix.

### III. PLAINTIFFS' HOURLY RATES ARE CONSISTENT WITH THE RATES PREVAILING IN THE COMMUNITY.

Reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure. *Hensley v. Eckerhard*, 461 U.S. 424 (1983); *Blum v. Stevenson*, 465 U.S. 866 (1984). Applicable hourly rates are those market rates applicable in the community. *Id. at Hensley*, 461 U.S. 424. Counsel for the Plaintiffs hourly rates are set forth in an affidavit, attached to this motion and are consistent with the market rates in this community for special education cases. Counsel for the Plaintiffs are also required to exercise "billing judgment" and document the time expended. The attached affidavits and invoices of fees and cost contained information specific work for which reimbursement is sought. In addition the fees sought are customary fees that are charged for like work. In support of the reasonable fee requested, counsel for the Plaintiffs have attached notarized affidavits and invoices for fees and costs, which are reasonable in terms of time expended and rates sought in this matter.

### III. PLAINTIFFS' ATTORNEY TIME AND EXPENSES ARE REASONABLE AND WERE NECESSARY TO OBTAIN SUCCESSFUL RESULTS.

The amount of time expended in prosecuting this matter is reasonable in light of the fact that this action was initiated on behalf of the student's and his parent. Thus, the time expended at the administrative level was necessary for success. ***See attached Exhibits 3 & 4***. In addition the time expended at the District Court level was reasonable as well. Plaintiff's counsel made sufficient

attempts to resolve this matter prior to initiation of this suit. Thus, the fees and costs sought include reasonable attorney time, billed at reasonable rates and expenses include copying, facsimile and postage charges. *Id.* The time and expenses of the attorneys involved were not excessive and were necessary to obtain favorable outcomes at the administrative and District Court levels. *Id.* Plaintiffs have provided defendants with detailed invoices and have met their evidentiary burden. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d 1319 (D.C. Cir. 1992)("the burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state , for example, that the hours claimed are excessive and the rates submitted to high."

## IV. CONCLUSION

Based on the foregoing, the Plaintiffs respectfully request this Court to award them reimbursement of reasonable attorneys fees and costs at the administrative and in connection of the litigation of this suit in the amount of $13, 948.93.

Respectfully Submitted,

/s/
Roxanne D. Neloms[478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
***Attorney for Plaintiffs***