IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHELLA R. SPROW,** *et alia* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. : 1:06 CV01459** |
| **IDEA PUBLIC CHARTER SCHOOL** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CLAIMS FOR AN AWARD OF REASONABLE ATTORNEY FEES AND COSTS

COMES NOW, IDEA Public Charter School ("IDEA"), by and through their attorney, Squire Padgett, in their Memorandum in Opposition to Plaintiffs' Claims for an Award of Reasonable Attorney's Fees and Costs respectfully represents unto this Honorable Court as follows:

### INTRODUCTION

Plaintiff erroneously claims that they were the prevailing party when by Memorandum Opinion issued on August 16, 2007, IDEA's ("IDEA") Motion to Dismiss was denied based on a claim under the IDEIA. After the issuance of the Memorandum Opinion, IDEA sought and obtained new counsel. Due to the fact that Plaintiff was not the prevailing party below, the Defendant hereby request that plaintiff's motion be dismissed. In the alternative, Plaintiff's motion for fees should be denied or reduced because Plaintiff's counsel has failed to meet the standard to obtain such fees. Further,

the rate charge unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience.

### **PLAINTIFF WAS NOT THE PREVAILING PARTY UNDER THE IDEIA.**

Plaintiff was not the prevailing party entitled to fee award under IDEIA (20 U.S.C.S. 1400-1485), because (1) there was no material alteration of the legal relationship between the parties in this case, as (a) individual obtained no enforceable judgment, (b) there was no relief through consent decree or settlement, and (c) administrative hearings foisted no enforceable obligations onto the local education agency; and (2) even assuming that catalyst theory of fee awards applies under IDEA, IDEA PCS clearly did all that it could for the individual, and institution of administrative proceedings did not precipitate changes that would not have taken place otherwise.

The Supreme Court has held that the plaintiff is a prevailing party for purposes of attorneys' fees when plaintiff receives an enforceable judgment on the merits or a court-ordered consent decrees. Buckannon Board and Care Home v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 603-04 (2001). Both circumstances are said to create the "material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees. *Id.* at 604. The District of Columbia Circuit Court has held that Buckannon applies to the IDEIA fee-shifting provision. Alegeria v. District of Columbia, 391 F.3d 263, 263 (D.C. Cir. 2004).

"Existence of some judicial sanction is a prerequisite for determination that plaintiff is the prevailing party, and entitled to an award of attorneys' fees as part of costs under the IDEIA (20 USCS 1415(e)(4)(B)). P.N. v. Seattle Sch. Dist. 474 F.3d 1165 (CA9 Wash. 2007). To qualify as a "prevailing party" entitled to attorney fees, plaintiff

must obtain enforceable judgment or comparable relief through consent decree or settlement, and it is not enough that plaintiff obtained his original goal through some other method. Correa v. Vance, 950 F.Supp. 118, (DC Md 1996).

       Here, the hearing officer ordered a vocational assessment. However, the hearing officer did so after IDEA had already agreed to do the assessment. IDEA agreed to perform the vocational assessment at the meeting on January 31, 2003. IDEA had until May 31, 2003, to perform the assessment. At the time of the hearing IDEA had not violated MD's rights. Since IDEA ordered the vocational assessment before the hearing officer determination, plaintiff cannot claim that this action makes her the prevailing party. (See Record and Order of Hearing Officer).

       The hearing officer found in favor of IDEA on all issues presented. The only relief the hearing officer ordered was the vocational assessment that IDEA had agreed to do and was in the process of completing at the time of the hearing. Therefore, the Plaintiff did not obtain the required "material alteration of the legal relationship of the parties" to permit an award of attorney's fees. The Memorandum Opinion of August 2007 is therefore erroneous in its determination that Plaintiff was the prevailing party. The opinion states that "under the IDEA it [the HOD order of a vocation assessment] alters the legal relationship of the parties." The alteration must be "material" and here IDEA agreed to perform the assessment and was in the process of completed the assessment when the vocation assessment was ordered by the hearing officer. Therefore, the alteration of the legal relationship is not material and Plaintiff is not the prevailing party.

In the matter of CM, the essence of the underlying cause of action is before this Court on appeal. The very decision giving rise to this litigation is going to be heard on appeal and therefore the issue of attorney's fees is premature. IDEA PCS v. Belton, Court, Civil Action Number 05-467 (RMC). IDEA PCS filed an appeal of the decision because the hearing officer erred in hearing the case in the first place because of res judicata. The case as to CM should be dismissed because it is best reserved until this matter is resolved.

## PLAINTIFF'S FEE REQUEST IS UNREASONABLE IN LIGHT OF THE DEGREE OF SUCCESS ATTAINED AND THE PREVAILING BILLING RATE.

In establishing the amount of attorney fees, the IDEIA states that the rate at which fees are reimbursed must be in line with prevailing rates in the community for the kind and quality of the services furnished:

> (C) Determination of amount of attorney's fees. Fees awarded under this paragraph shall be based upon rates prevailing in the community in which the action or proceeding arose for the kind and quality of the services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection. 20 U.S.C. 1415(i)(3).

Hourly rates are those market rates applicable in the community. Hensley v. Eckerhard, 461 U.S. 424 (1983). In order to establish the prevailing rate in the community in which the action arose, one must provide the court with affidavits or other proof of the same. Smart SMR of New York, Inc. v. Town of Stratford, 9 F.Supp 2d 143, 149 (D.Conn. 1998). In Smart, the plaintiff's counsel failed to submit such affidavits from other attorneys in the area. The Court found that plaintiff failed to sustain their burden to establish that the requested rates were consistent with those prevailing in the community for similar services. *Id.* at 149.

Here, Attorney Miguel Hull and Attorney Juan Fernandez submitted only their own affidavits that they charge $220.00 per hour. There is no sworn statement by any of plaintiff's counsel as to the prevailing rate in the community in which this action arose for the kind and quality of services rendered in this case. No affidavits from other attorneys in the community in support of the requested rate have been submitted. Given the lack of submitted proof regarding the prevailing rate in the community this court should reduce the hourly rate as the Court sees fit.

Fee awards made to a prevailing party should be commensurate with the success achieved. G.R. v. Regional Sch. Dist. # 15, 24 ADD 1405 (DC Conn 1996). Awarding plaintiff's counsel over $13,000 in legal fees for having obtained a hearing officer determination that granted relief, of which IDEA previously agreed would not be commensurate with the success achieved. The fees are therefore unreasonable and should be reduced to reflect the fact that the "success" plaintiff counsel achieved was the result of a voluntary act by IDEA.

Further, in Exhibit 4, Plaintiff's counsel fails to attribute to any particular person the worked being billed for. Given this lack of specificity, plaintiff fails to meet their burden of proving that this time was reasonably spent and therefore, Plaintiff's counsel should not be compensated for such a request.

## **CONCLUSION**

For all the foregoing reasons, IDEA PCS respectfully requests this Court to deny plaintiff's motion for attorney's fees.

Respectfully Submitted,

/s/ Squire Padgett
Squire Padgett,
The Law Offices of Squire Padgett
1111 14th Street, N.W., Suite 820
Washington, D.C. 20005
Counsel for IDEA

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed and mailed to all parties to this litigation on this 3rd day of April, 2008.

Lathal Ponder