IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHELLA R. SPROW,** *et alia* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. : 1:06 CV01459 (HHK) |
| ) | |
| **IDEA PUBLIC CHARTER SCHOOL** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' CLAIM FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS.**

COMES NOW, the Plaintiffs, by and through their attorneys, Roxanne D. Neloms and Domiento C.R. Hill of James E. Brown and Associates, in their papers respectfully represents unto this Honorable Court as follows:

**I. THE AUGUST 16, 2007 MEMORANDUM OPINION AND ORDER DETERMINED THE PLAINTIFFS PREVAILED UNDER IDEIA.**

In its papers submitted in response to the Plaintiffs' request for reimbursement of reasonable attorneys' fees, the Defendants argue that the "Plaintiff[s] erroneously claim that they were the prevailing party when by Memorandum Opinion issued on August 16, 2007, IDEA's (IDEA) Motion to Dismiss was denied based on a claim under the IDEIA." *See Defendants Memorandum in Opposition to Plaintiffs' Claims for An Award of Reasonable Attorney Fees and Costs.* However, the Defendants failed to review the August 16, 2007 Memorandum Opinion and Order which stated the following: "[h]ere Sprow sought and received an order for a vocational assessment to which she

1

would not otherwise have been entitled to without the HO's order. Such a result constitutes 'prevailing' under the IDEA because it alters the legal relationship of the parties. Thus, the court concludes that Sprow was a prevailing party at the administrative level." **See August 16, 2007 Memorandum Opinion and Order**. The issue regarding prevailing party has already been litigated and resolved for purposes of the matter presently before the Court. The Defendants opine that IDEA agreeing to complete an assessment at the time of the hearing null and voided the contents of the hearing officer's determination, that is not so. The Defendants were ordered to undertake an action that it would otherwise not have done without a judicial ruling. Thus, the only issue remaining is the amount of reasonable fees the Plaintiffs are entitled to.

## II. THE PLAINTIFFS' SUBMITTED SUFFICIENT DOCUMENTATION IN ACCORDANCE WITH THE *LAFFEY* MATRIX.

Under the IDEIA, a court has the discretion in determining the fee award and its is the Plaintiffs' burden to establish all elements of a requested fee award, including an entitlement to the award and documentation of appropriate hours and the reasonableness of the rates sought. See *Blum v. Stevenson*, 465 U.S. 866, 896 (1984). The Plaintiffs have already established their entitlement to the reimbursement and as the Plaintiffs acknowledged in their fee application, $350.00, is the rate normally charged to paying clients; however, in accordance with the the *Laffey* Matrix Plaintiffs did not object to the Court awarding fees consistent with said matrix. The Plaintiffs are fully aware that this Court relies on the *Laffey* Matrix to "establish a clear structure for the determination of reasonable fees." See *Covington v. District of Columbia*, 57 F.3d at 1107. As previously noted, to recover fees based on prevailing market rates an attorney must demonstrate , (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant community for

attorneys of comparable skill, experience and reputation. See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004).

James E. Brown and Associates have been representing children with special education needs in the District of Columbia for more than ten years. As the Plaintiffs readily admitted, paying clients are charged more than those clients who are unable to pay such rates. Many of our clients are unable to pay the firm's normal rate for attorneys' fees. As noted in SOCM, "the burden is on the fee applicant to show that the attorney's billing practices are the sort covered by the SOCM test. That is, the attorney must show that his or her custom of charging reduced rates is fact attributable to 'public spiritedness'." See *Save Our Cumberland Mountain*, 857 F. 2d at 1524. It is clear that the Plaintiffs customarily offer reduces rates and further rely on the *Laffey* Matrix to establish those reduced rates. The Plaintiffs' submitted in conjunction with their fee application, affidavits regarding Roxanne D. Neloms, and Miguel Hull's reputation in the community. As each attorney listed has the required qualifications, experience, and skills, this Court should award fees in connection with the *Laffey* matrix. In *SOCM,* the Court also noted that the Plaintiffs "must produce data concerning the prevailing market rates in the relevant community for attorneys of reasonably comparable skill, experience, and reputation. See *SOCM*, *id.* The Court further noted that the "prevailing market rate can be determined by reference to the so-called *Laffey* Matrix". See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984). Thus in addition to submitting evidence of reputation, skill and experience, the *Laffey* Matrix serves as supporting

data regarding reasonableness. This Court should find that the Plaintiffs have established their burden and should be awarded reasonable fees.

### III. DEFENDANTS' FAILED TO SUFFICIENTLY CHALLENGE THE REASONABLENESS OF THE PLAINTIFFS' FEE AWARD.

The only reason the Defendants set forth for challenging the reasonable rates the Plaintiffs request is the "Plaintiff[s'] counsel fails to attribute to any particular person the work being billed for. Given the lack of specificity, plaintiff fails to meet their burden of proving that this time was reasonably spent and therefore, Plaintiffs counsel should not be compensated for such a request." ***See Defendant's Memorandum in Opposition.*** As Plaintiffs previously argued, reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure. *Hensley v. Eckerhard*, 461 U.S. 424 (1983); *Blum v. Stevenson*, 465 U.S. 866 (1984). Applicable hourly rates are those market rates applicable in the community. *Id. at Hensley*, 461 U.S. 424. Counsel for the Plaintiffs hourly rates are set forth in an affidavit, attached to this motion and are consistent with the market rates in this community for special education cases. Counsel for the Plaintiffs are also required to exercise "billing judgment" and document the time expended. The previously attached affidavits and invoices of fees and cost contained information specific work for which reimbursement is sought. In addition the fees sought are customary fees that are charged for like work. In support of the reasonable fee requested, counsel for the Plaintiffs previously attached notarized affidavits and invoices for fees and costs, which are reasonable in terms of time expended and rates sought in this matter. The Defendants failure to sufficiently challenge the Plaintiffs bill does not allow the Plaintiffs the opportunity to address their concerns.

## IV. CONCLUSION

Based on the foregoing, the Plaintiffs respectfully stand by their original request for the reimbursement of reasonable attorneys fees and costs at the administrative and in connection of the litigation of this suit in the amount of $13, 948.93.

Respectfully Submitted,

/s/
Roxanne D. Neloms[478157]
Domiento C.R. Hill [496256
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
***Attorneys for Plaintiffs***